## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDAS RESOURCES N.V., CURAÇAO | ) |
| | ) |
| PABECO B.V. | ) |
| | ) |
| ADASTRA MINERALS, INC. | ) |
| f/k/a AMERICA MINERAL FIELDS, INC. | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:06-cv-00570-ESH |
| | ) |
| EMPRESA NACIONAL DE DIAMANTES | ) |
| DE ANGOLA E.P. | ) |
| | ) |
| NOFAR MINING B.V. | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NOFAR MINING B.V.'S MOTION TO DISMISS FOR (1) LACK OF PERSONAL JURISDICTION AND (2) LACK OF SUBJECT MATTER JURISDICTION**

Defendant, NOFAR Mining B.V. ("NOFAR"), by undersigned counsel, respectfully submits this Memorandum of Points and Authorities in support of its Motion to Dismiss, and states as follows:

**I.    INTRODUCTION**

Plaintiffs, IDAS Resources N.V. Curacao ("IDAS"), Pabeco B.V., and Adastra Minerals Inc., filed their Complaint on March 28, 2006 against Empresa Nacional de Diamantes de Angola E.P. ("ENDIAMA") and NOFAR Mining B.V. ("NOFAR"). Plaintiffs allege numerous causes of action against ENDIAMA, such as breach of contract, breach of duty of good faith, fraudulent misrepresentation, unlawful discrimination between investors, and unlawful cancellation of licenses.[1] See Complaint, Counts I-V respectively. Plaintiffs allege only tortious

---

[1] Defendant ENDIAMA is separately filing a Motion to Dismiss for Lack of Subject Matter Jurisdiction.

interference with contractual relations against NOFAR.  See Complaint, Count VI.  NOFAR is a
company organized under the laws of the Netherlands, with no contacts in the District of
Columbia.  NOFAR moves to dismiss based upon a lack of subject matter jurisdiction and a lack
of personal jurisdiction over NOFAR.

NOFAR was not a party to any agreement with any of the Plaintiffs.  The only allegation
as to NOFAR indicates that "NOFAR knew of the existence of these agreements [between
ENDIAMA and IDAS] and of IDAS's efforts to finalize a work plan for the license areas."  See
Complaint at ¶ 56.  Plaintiffs allege that NOFAR interfered "with IDAS's actual and prospective
agreements by persuading ENDIAMA to terminate its contractual relationship with IDAS."  See
Complaint at ¶ 57.  However, Plaintiffs fail to provide any basis whatsoever for asserting
personal jurisdiction over NOFAR in the District of Columbia.

In Plaintiffs' Complaint, Plaintiffs acknowledge that NOFAR is a company organized
under the laws of the Netherlands and that service of process would be issued by international
registered mail to the President of NOFAR in the Netherlands.  See Complaint at ¶ 5.  Plaintiffs
do allege a basis for subject matter jurisdiction and venue "for all other Defendants [presumably
NOFAR] [ ] founded on 28 U.S.C. §§1332(a)(2) and 1391(b) & (d)."  See Complaint at ¶ 9.  Yet
this alleged basis for subject matter jurisdiction is also unfounded.  Plaintiffs provide no other
information regarding NOFAR.  Nor do Plaintiffs provide any basis for asserting personal
jurisdiction over NOFAR in the District of Columbia.  Plaintiffs' lawsuit involves contracts
between Plaintiffs and ENDIAMA for prospecting and exploring part of the Luanda Norte
Province in north-central Angola.  Plaintiffs describe the formation of these contracts and
agreements with ENDIAMA in their Complaint, but make no reference to the District of
Columbia as having any event or other act performed here.  Notably, the Complaint is devoid of

any reference to the District of Columbia.  There is neither an allegation that NOFAR has any

connection with the District of Columbia, nor any indication that these alleged contractual

agreements or alleged interferences have any relation to the District of Columbia whatsoever.

As a result, the Plaintiffs' cause of action against NOFAR must be dismissed for a lack of

personal jurisdiction.

## II.    ARGUMENT

### A.    <u>This Court Lacks Personal Jurisdiction over Defendant, NOFAR</u>

The threshold question this Court must address is whether the Court has personal

jurisdiction over NOFAR.  When a defendant timely objects to a court's personal jurisdiction,

the "general rule is that a plaintiff must make a *prima facie* showing of the pertinent

jurisdictional facts."  <u>First Chicago Int'l v. United Exch. Co.</u>, 836 F.2d 1375, 1378 (D.C. Cir.

1988).  In order to make the requisite showing, a plaintiff must allege specific acts connecting

the defendant with the forum State.  <u>Id</u>. at 1378-79.  Significantly, bare allegations are

insufficient.  <u>Id</u>.  Further, conclusory statements "do not constitute the *prima facie* showing

necessary to carry the burden of establishing personal jurisdiction."  <u>Id</u>. at 1378 (citations

omitted).

Here, the Complaint contains no allegation regarding the basis upon which Plaintiffs

contend that this Court has personal jurisdiction over NOFAR.  The Complaint merely states that

"[t]his Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1330(a) and

1605(a)(2)-(3) because ENDIAMA is an instrumentality of a foreign sovereign…"  <u>See</u>

Complaint at ¶ 6.  The Complaint then proceeds to cite reasons for asserting personal jurisdiction

over ENDIAMA, not NOFAR.  <u>See</u> Complaint at ¶ 7.  Markedly missing throughout the

Complaint is any allegation for the basis upon which Plaintiffs assert personal jurisdiction over NOFAR.

Under D.C. law, the Court must look to the District of Columbia's long-arm statute, D.C. Code § 13-423, or under the provisions for service of foreign corporations, D.C. Code § 13-334, to determine whether personal jurisdiction may be conferred upon a foreign corporation. See Sunlite, Inc. v. BfG Bank AG, 849 F.Supp. 74, 75-76 (D.D.C. 1994). As set forth below, neither provision supplies a basis for this Court to assert personal jurisdiction over Defendant, NOFAR.

**(1)    D.C. Code § 13-334**

Plaintiffs do not specify the statute that they contend this Court has personal jurisdiction over NOFAR. The District of Columbia's statute for service on foreign corporations is D.C. Code §13-334. D.C. Code §13-334 provides, in relevant part:

(a)    In an action against a foreign corporation doing business in the District, process may be served on the agent of the corporation or person conducting its business…

(b)    When a foreign corporation transacts business in the District without having a place of business or resident agent therein, service upon any officer or agent or employee of the corporation in the District is effectual as to actions growing out of contracts entered into or to be performed, in whole or in part, in the District of Columbia, or growing out of any tort committed in the District.

D.C. Code §13-334.

The D.C. Circuit Court has noted that "[a]lthough on its face §13-334(a) appears only to specify proper methods of service, the District of Columbia Court of Appeals has held that compliance with the statute gives rise to personal jurisdiction over a foreign corporation doing business in the District." Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 510 n.1 (D.C. Cir. 2002). §13-334(a) provides for general jurisdiction in the District of Columbia. That section authorizes general jurisdiction over a foreign corporation as to claims not arising from the

4

corporation's conduct in the District, if the corporation is doing business in the District of Columbia. AGS Int'l Services, S.A. v. Newmont USA Ltd., 346 F.Supp.2d 64, 74 (D.D.C. 2004)(citations omitted).

The "doing business" test of 13-334(a) is "coextensive with the due process requirements of the Constitution" and requires the Court to examine "the frequency and volume of the [defendant's] transactions with District of Columbia residents." Id. (citations omitted). Personal general jurisdiction may be exercised over a foreign corporation whose contacts with the District are so continuous and systematic that it could foresee being haled into a court in the District of Columbia. Id.; see also, Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 n.9 (1984)). §13-334(a) confers jurisdiction over a defendant "for all purposes, not merely for claims arising out of the defendant's contacts with the District." See Everett v. Nissan Motor Corp., 628 A.2d 106, 108-09 (citations omitted). Courts have defined "doing business" as "any continuing corporate presence in the forum state directed at advancing the corporation's objectives." Id. at 108 (citations omitted).

First, NOFAR was not served in the District of Columbia, but was rather served by international registered mail. Complaint at ¶ 5. Although the District of Columbia Super. Ct. Civ. R. 4(C)(ii) provides for service of process by mail, this Rule does not replace the specific jurisdictional requirement of D.C. Code §13-334(a), that service be made in the District of Columbia. See Everett v. Nissan Motor Corp., 628 A.2d at 108.

Moreover, NOFAR does not maintain a continuing presence in the District that would subject it to general jurisdiction under §13-334(a). NOFAR does not conduct business in the United States and has never done so. See Affidavit of Redmond Schley, attached herein as Exhibit A, ¶ 2. In fact, NOFAR does not do any business in the District, does not have a

registered agent in the District, and maintains no presence in the District.  Exhibit A, ¶¶ 8, 12,

13.  Personal jurisdiction over NOFAR cannot, therefore, be established under D.C. Code §13-

334(a).

      An analysis of personal jurisdiction over NOFAR under §13-334(b) results in the same

conclusion.  Subpart (b) of 13-334 provides for jurisdiction over actions "growing out of

contracts entered into or to be performed, in whole or in part, in the District of Columbia…"

D.C. Code §13-334(b).  As previously noted, the Agreement was negotiated and executed in

Portuguese in Luanda, Angola, by NOFAR for mining activities to occur in Angola only.

Exhibit A, ¶ 3, 5.  The contract was subject to the laws of Angola.  Exhibit A, ¶ 7.  NOFAR did

not agree to be subject to the courts in the District of Columbia in that contract.  Exhibit A, ¶ 6.

Significantly, NOFAR also did not solicit, pursue, or enter into contract negotiations in the

District of Columbia.  Exhibit A, ¶ 8, 16.  Moreover, no part of the Agreement was to be

performed in the District of Columbia.  Exhibit A, ¶ 8, 16.  This is evidenced by the fact that no

employee or agent of NOFAR was <u>ever</u> present in the District of Columbia in connection with

the Agreement.  Exhibit A, ¶ 9.  Personal jurisdiction over NOFAR cannot, therefore, be

properly asserted under § 13-334(b) and Plaintiffs' Complaint against NOFAR should be

dismissed.

    **(2)    D.C. Code § 13-423**

      Plaintiffs do not specify the particular statute under which they contend that this Court

has personal jurisdiction over NOFAR.  The District of Columbia's long-arm statute, D.C. Code

§13-423, is addressed should Plaintiffs be relying on one of the seven subsections of the statute

to establish personal jurisdiction.

      The District of Columbia long-arm statute provides:

§13-423. Personal jurisdiction based upon conduct

(a)    A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's –

    (1) transacting any business in the District of Columbia;
    (2) contracting to supply services in the District of Columbia;
    (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
    (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
    (5) having an interest in, using, or possessing real property in the District of Columbia;
    (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or
    (7) marital or parent and child relationship in the District of Columbia…

D.C. Code §13-423.[2]

"To establish personal jurisdiction under §13-423(a)(1) of the District's long-arm statute, a plaintiff must show: (1) that the defendant transacted business in the District; (2) that the claim arose from the business transacted in the District; and (3) that the defendant had minimum contacts with the District such that the Court's exercise of personal jurisdiction would not offend 'traditional notions of fair play and substantial justice.'" Schwartz v. CDI Japan, Ltd., 938 F.Supp. 1, 4 (D.D.C. 1996)(citations omitted).  In the District of Columbia, the personal jurisdiction inquiry need not be bifurcated because the long-arm statute is coextensive with the U.S. Constitution's due process guarantee. See, e.g., Shoppers Food Warehouse v. Moreno, 746

---

[2] The "contracting to supply services" provision of §13-423(a)(2) of the District of Columbia long-arm statute applies only to a nonresident who injects itself into the District by agreeing to provide some service to a resident in the District. See D.C. Code §13-423(a)(2); COMSAT Corp. v. Finshipyards S.A.M., 900 F.Supp. 515, 524 (D.D.C. 1995).  It is undisputed that Plaintiffs are not residents of the District of Columbia and, therefore, §13-423(a)(2) does not apply to the facts of this case.  Similarly, Plaintiffs have alleged no basis contained within §13-423 over which to establish jurisdiction. Defendant assumes that perhaps Plaintiffs are hoping that subsection (1), transacting business, would apply; it does not.

A.2d 320, 329 (D.C. 2000)(*en banc*); Mouzavires v. Baxter, 434 A.2d 988, 995 (D.C. 1981)(*en banc*)(clarifying that "the most critical inquiry is…whether the defendant's contacts with the forum are of such a quality and nature that they manifest a deliberate and voluntary association with the forum" and are not "fortuitous").

The constitutional touchstone of the "transacting business" determination under §13-423(a)(1) is "whether the defendant purposefully established minimum contacts in the forum state." COMSAT Corp. v. Finshipyards S.A.M., 900 F.Supp. 515, 520 (D.D.C. 1995)(quoting Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102, 108-09 (1987)). The minimum contacts requirement embodies the notion that an actor must have purposefully availed itself of the privilege of transacting business in the forum state "such that it should reasonably anticipate being haled into court there." Id. at 520-521 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). To be subject to personal jurisdiction, the defendant itself must have purposefully directed conduct toward the District. The Constitution does not permit a defendant to be haled into court in a jurisdiction solely as a result of "attenuated contacts" or the "unrelated activity of another party or third person." Id. at 521 (citations omitted). Absent a deliberate and voluntary association by a defendant with the forum state, personal jurisdiction may not be established.

It is clear that NOFAR does not have sufficient contacts with the District to permit the exercise of personal jurisdiction in this case. NOFAR does not conduct any business in the District of Columbia, much less any "regular" business. Exhibit A, ¶ 2. It is undisputed that NOFAR is not a resident of the District of Columbia; it does not have a registered agent, an office or any employees in the District of Columbia; it does not advertise or solicit any business in the District of Columbia; it has never brokered a transaction in the District of Columbia nor

does it engage in any persistent course of conduct in the District of Columbia. Exhibit A, ¶¶ 2, 14, 10, 16, 15, 17. Plaintiffs have failed to establish that NOFAR "purposefully established minimum contacts" in the District of Columbia "such that it should reasonably anticipate being haled into court" in this jurisdiction. COMSAT, 900 F.Supp. at 520-521.

A reading of the Complaint also supports NOFAR's position that the transaction at issue was not a business transaction which occurred in the District of Columbia, or even in the United States. IDAS is a Dutch Antilles company with its principal place of business located in the United Kingdom; Pabeco B.V. is a Netherlands company with its principal place of business located in the Netherlands; and Adastra Minerals, Inc. is a Yukon Territory, Canada company with its principal place of business located in the United Kingdom. See Complaint at ¶¶ 1-3. Moreover, none of the parties to the Agreement between NOFAR and ENDIAMA are residents of the District of Columbia, nor was the mining in Angola, which was the subject of the Agreement, to be conducted in any way connected with business in the District of Columbia. In addition, the Agreement was negotiated and executed by NOFAR in Angola for mining activities in Angola. Exhibit A, ¶¶ 3, 5. NOFAR did not solicit or pursue contract negotiations in the District of Columbia, and no part of the Agreement was to be performed in the District of Columbia. Exhibit A, ¶ 17. Additionally, in no part of the Agreement did NOFAR agree to be subject to the courts in the District of Columbia. Exhibit A, ¶¶ 6, 18. Thus, Plaintiffs cannot establish personal jurisdiction over NOFAR in this case because NOFAR performed no affirmative act in the District of Columbia which in any way relates to this lawsuit. See, e.g., Ings v. A.A. Restum, 1988 WL 8846, *3 (D.D.C. 1988)(dismissing for lack of jurisdiction where defendant did not solicit business in the District and loan agreement was not executed in the District)(attached as Exhibit B).

Simply stated, NOFAR did not purposefully avail itself of the privilege of transacting business in the District of Columbia. Under circumstances similar to the present case, the D.C. Court of Appeals affirmed dismissal for lack of personal jurisdiction where the facts showed that a foreign company defendant simply did not transact business in D.C. See, e.g., Bueno v. La Compania Peruana de Radiodifusion, S.A., 375 A.2d 6, 8-9 (D.C. 1977)(the defendant did not initiate or pursue contract negotiations in D.C., it did not perform any services in D.C., and all obligations under the contract were to be performed outside of the jurisdiction).

NOFAR's contact with the District of Columbia is nonexistent. Moreover, NOFAR does not make any products and, therefore, Plaintiffs cannot even establish personal jurisdiction over NOFAR on the basis of sales or performed services in the District of Columbia. Exhibit A, ¶ 11. Although the District's long-arm statute reaches broadly, it will not sweep in a foreign defendant who has performed no purposeful act in the forum. See, e.g., Mitchell Energy Corp. v. Mary Helen Coal Co., Inc., 524 F.Supp. 558, 563 (D.D.C. 1981)(denying personal jurisdiction where minor discussions in D.C. did not constitute purposeful activity in the forum).

This Court's exercise of personal jurisdiction over NOFAR would also offend "traditional notions of fair play and substantial justice." Schwartz, 938 F.Supp. at 4. In order to extend personal jurisdiction over NOFAR pursuant to the District's long-arm statute, NOFAR must have had "fair warning" that it would be sued by IDAS in the District of Columbia. Recently, this Court held that "[a] related factor in determining whether the exercise of personal jurisdiction over defendant is reasonable or fair is the District of Columbia's 'interest in adjudicating the dispute.'" Formica v. Cascade Candle Company, 125 F.Supp.2d 552, 556 (D.D.C. 2001)(citations omitted). Significantly, none of the Plaintiffs here are a "resident of the

forum, [and therefore] the forum state's 'legitimate interests in the dispute have considerably diminished.'"[3] Id. (quoting Asahi Metal Industry Co., Ltd., 480 U.S. at 114).

NOFAR cannot be said to have had fair warning that it would be sued by IDAS in the District of Columbia. Moreover, the District of Columbia certainly does not have any legitimate interest in this dispute. Traditional notions of fair play and substantial justice require that this Court decline to exercise personal jurisdiction over NOFAR. Plaintiffs cannot maintain their burden of establishing that personal jurisdiction exists, as it can show no basis for the exercise of such jurisdiction over NOFAR. See, e.g., COMSAT, 900 F.Supp. at 520. Because NOFAR has not purposefully availed itself of the privilege of transacting business in the forum state, personal jurisdiction may not be established under § 13-423(a)(1) of the District's long-arm statute.

**B.    The Court Lacks Subject Matter Jurisdiction under 28 U.S.C. §1332(a)(2)**

Plaintiffs base subject matter jurisdiction over NOFAR on 28 U.S.C. 1332(a)(2). See Complaint at ¶ 9. 28 U.S.C. 1332(a)(2) provides in pertinent part that

> (a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> > (2)  citizens of a State and citizens or subjects of a foreign state;

28 U.S.C. §1332. Simply put, there are not citizens of different "States" on either side of this action. Rather, it is a civil action between citizens or subjects of foreign countries.

The Supreme Court has construed the diversity statutes to require complete diversity. If complete diversity is lacking, a federal court does not have subject matter jurisdiction over an action pursuant to 28 U.S.C. §1332. For example, in Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 580 n.2 (1999), the Supreme Court noted that the presence of an alien on both sides of an

---

[3] In the case at bar, Plaintiffs are residents of foreign countries, not the District of Columbia. Thus, the Court does not even have the interest in redressing an alleged wrong inflicted on its citizens.

action renders diversity incomplete. Id. (stating that "[t]he foreign citizenship of defendant Ruhrgas, a German corporation, and plaintiff Norge, a Norwegian corporation, rendered diversity incomplete."). Applying Ruhrgas AG to the instant matter, complete diversity is lacking and therefore, this Court does not have subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(2). Here, the Plaintiffs include three foreign corporations. NOFAR is a Netherlands corporation and the other Defendant is an Angolan company. As a result, there are foreign corporations on both sides of the above captioned case rendering complete diversity lacking.[4] See, Saadeh v. Farouki, 107 F.3d 52, 55 (D.C. Cir. 1997)(stating that this Court has previously found that 28 U.S.C. 1332 "did not confer jurisdiction over a lawsuit involving an alien on one side, and an alien and a citizen on the other side")(citations omitted); see also, Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1557 (11th Cir. 1989)(stating that "the presence of at least one alien on both sides of an action destroys diversity"); Ed & Fred, Inc. v. Puritan Marine Ins. Underwriters Corp., 506 F.2d 757, 758 (5th Cir. 1975)(finding no diversity jurisdiction when alien sued citizen of a state and an alien).

## III.    CONCLUSION

For the foregoing reasons, Defendant, NOFAR, requests that the Court enter an Order dismissing Plaintiffs' claim against this Defendant, with prejudice.

---

[4] Plaintiffs' cause of action against NOFAR is a separate cause of action for alleged tortious interference with contractual relations. This claim is not so related to any other claim to establish supplemental jurisdiction under 28 U.S.C. §1367, if subject matter jurisdiction is somehow determined to exist, despite any basis under the Foreign Sovereign Immunities Act, over the claims against ENDIAMA.

Respectfully Submitted,

**ECKERT SEAMANS CHERIN
& MELLOTT, LLC**

_____*/s/ Thomas J. Whalen*_____
Thomas J. Whalen (D.C. Bar No. 208512)
Laura G. Stover (D.C. Bar No. 475144)
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, NW
Suite 1200
Washington, DC 20006
Phone: (202) 659-6600
Fax: (202) 659-6699

Counsel for Defendant, NOFAR Mining
  B.V.

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Defendant NOFAR's Memorandum of Points & Authorities in Support of its Motion to Dismiss** was filed and served electronically, this 1st day of August, 2006, to:

Steven D. Cundra
Hall Estill Hardwick Golden Gable & Nelson, PC
1120 20th Street, NW
Suite 700, North Building
Washington, DC 20036

Stephen F. Malouf
The Law Offices of Stephen F. Malouf, P.C.
3506 Cedar Springs
Dallas, TX 75219


_____ */s/ Laura G. Stover* _____
Laura G. Stover