Westlaw.

Not Reported in F.Supp. Page 1

Not Reported in F.Supp., 1988 WL 8846 (D.D.C.)
**(Cite as: Not Reported in F.Supp.)**

C
Only the Westlaw citation is currently available.
United States District Court, District of Columbia.
Billy INGS, Plaintiff,
v.
A.A. RESTUM, et al., Defendants.
**Civ. A. No. 86-2954.**

Jan. 19, 1988.

Stephen Bou, Washington, D.C., for plaintiff.
Alan Zimmerman, Harmon & Wilmot, Washington, D.C., for defendant A.A. Restum.

MEMORANDUM-ORDER

GASCH, Senior District Judge.
*1 This diversity action, filed on October 28, 1986, concerns a promissory note executed by defendants Restum and Babayan to secure a $12,000 loan from plaintiff. The note apparently was signed by defendants on February 9, 1986. The note required that the principal and $1,200 interest be paid to plaintiff on March 11, 1986. The terms of the note provided for at least two renewal periods of thirty days. Plaintiff brings this suit to recover the principal of the loan and all interest accrued since the date of the promissory note.

Jurisdictional Facts

Although plaintiff's complaint is devoid of any allegations of jurisdictional facts, the parties appear to agree that plaintiff is a resident of the District of Columbia and that defendant Restum is a resident of Virginia. service upon defendant Restum is a resident of virginia. service upon defendant Restum was achieved at his office in Arlington, virginia. He does not contend that service failed to notify him of the instant action.[FN1]

Because plaintiff's allegation of personal jurisdiction in the District of Columbia is based solely on this loan transaction, the relatively few events that led to the consummation of the loan are important. In a sworn affidavit that accompanies his opposition to the instant motion, plaintiff states that he was introduced to defendant Restum by an officer of the Riggs National Bank. The officer told plaintiff that Restum needed a loan and telephoned Restum while plaintiff was at the bank's office.[FN2] The parties allegedly spoke about the terms and conditions of the loan and arranged to meet at Restum's office in Virginia.

Though Restum admits that he had two telephone conversations with the plaintiff, he does not indicate in his affidavit whether any meeting took place at his Virginia office. Further, he does not recall whether the second conversation was initiated by him or the plaintiff. During both conversations, Restum insists that he was in Virginia but claims to have no knowledge regarding plaintiff's location during the

The parties agree that a meeting did occur at plaintiff's business address in the District of Columbia. The affidavits also suggest that this was, in fact, the first personal meeting between the parties. According to plaintiff, the loan transaction was consummated at this meeting, and defendants were given $12,000 in exchange for the promissory note. To the contrary, Restum states that the note was drafted and signed by the defendants in Virginia and that no money was ever tendered.

THE MOTION TO DISMISS

Alleging a complete absence of any contact with the District of Columbia, defendant Restum urges the Court to dismiss this action for "lack of jurisdiction over the person." Fed. R. Civ. P. 12 (b) (2) . Because the Court's subject matter jurisdiction is founded in diversity of citizenship, the law of the District of Columbia must be applied to determine

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                    Page 2
Not Reported in F.Supp., 1988 WL 8846 (D.D.C.)
**(Cite as: Not Reported in F.Supp.)**

if personal jurisdiction over Restum is proper. Tavoulareas v. Comnas, 720 F.2d 192, 193 (D.C. Cir. 1983); Gatewood v. Fiat S.p.A., 617 F.2d 820, 823 (D.C. Cir. 1980); Lott v. Burning Tree Club. Inc., 516 F. Supp. 913, 915 (D.D.C. 1980). Accordingly, plaintiff insists that Restum's activities in the District of Columbia with respect to the loan transaction at issue were sufficient to constitute " transacting ... business" under the District of Columbia longarm statute. D. C. Code Ann. § 13-423 (a) (1) (1981) . Plaintiff has the burden of making a prima facie showing that this has the burden of making a prima facie showing that this allegation of personal jurisdiction is correct. Mitchell Energy Corp. v. Mary Helen Coal Co., 524 F. Supp. 558, 561 (D.D.C. 1981).

The reach of section 13-423 (a) (1) is long, restrained only by the due process demands of fair play and substantial justice. Mitchell Energy, 524 F. Supp. at 563; Meyers v. Smith, 460 F. Supp. 621, 622 (D.D.C. 1978); Hummel v. Koehler, 458 A.2d 1187, 1190 (D.C. 1983); Environmental Research International, Inc. v. Lockwood Greene Engineers, Inc., 355 A.2d 808, 810-11 (D.C. 1976). These demands are satisfied when a defendant has "certain minimum contacts with" the jurisdiction into which he has been haled. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The threshold of contact, however, is not measured solely by the quantity of the defendant's activity in the jurisdiction; the overwhelming consideration is the "quality and nature of the activity in relation to the fair and orderly administration of the laws." Id. at 319; Sol Salins, Inc. v. Sure Way Refrigerated Truck Transportation Brokers, Inc. 510 A.2d 1032, 1034 (D.C. 1986).

*2 Though "quality and nature" are abstruse considerations as stated by the Court in International Shoe, the phrase has uniformly been translated into a determination of whether the defendant has " 'purposefully directed' his activities at residents of the forum." Burger King Corp. v. Rudzewicz, 105 S. Ct. 2174, 2182 (1985) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 (1984)). In the context of the District of Columbia long-arm statute, the question has been phrased as whether the defendant's contacts with the District "are voluntary and deliberate, rather than fortuitous." Mouzavires v. Baxter, 434 A.2d 988, 995 (D.C 1981) (citations omitted), cert. denied, 455 U.S. 1006 (1982); see Chase v. Pan-Pacific Broadcasting, Inc., 617 F. Supp. 1414, 1421 (D.D.C. 1985) ; Sol Salins, 510 A.2d at 1034 (if defendant's contact with forum is " unintentional, isolated, or lacking in purpose, the ' reasonable foreseeability of litigation in the forum is substantially diminished" ' (quoting Burger King, 105 S. Ct. at 2184 n.18)).

As suggested by the vague language of these cases, there is no precise template for application of the minimum contacts test. Instead, the facts of each case must determine whether the activity of the defendant and the context in which he acted establish a due process nexus between him and the forum. See Kulko v. California Superior Court, 436 U.S. 84, 92 (1978) (minimum contacts question cannot be answered " 'in black and white. The grays are dominant and even among them the shades are innumerable." ' (quoting Estin v. Estin, 334 U.S. 541, 545 (1948)). Contrary to plaintiff's suggestion, the actions of defendant Restum with regard to the loan transaction at issue are the predominant basis for personal jurisdiction. Plaintiff's activity in the District is at most secondary. See Hanson v. Denckla, 357 U.S. 235, 253 (1958) ("unilateral activity of those who claim some relationship with a nonresident defendant cannot Salins, 510 A.2d at 1034. Further, Restum's other business transactions in the District are irrelevant to a determination of jurisdiction under section 13-423(a) (1) based upon the $12,000 loan. Cockrell v. Cumberland Corp., 458 A.2d 716, 717 n.2 (D.C. 1983).

Applying these minimum contacts principles, the single contact with the District upon which personal jurisdiction over Restum might be founded is his trip into this forum to meet plaintiff.[FN3] While a single contact with this forum does not preclude personal jurisdiction, Mitchell Energy, 524 F. Supp. at 563, the contact must evince the defendant's intention to avail himself of privileges and rights under the laws of the District. Hanson, 357 U.S. at 253; International Shoe, 326 U.S. at 319; Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                         Page 3
Not Reported in F.Supp., 1988 WL 8846 (D.D.C.)
**(Cite as: Not Reported in F.Supp.)**

Distributors Pty., Ltd., 647 F.2d 200, 205 (D.C. Cir. 1981). Plaintiff has failed to demonstrate that Restum's trip into the District was not fortuitous. Indeed, the apparent purpose was to serve plaintiff's convenience.

*3 The propriety of personal jurisdiction over Restum is made even more doubtful by the fact that the loan was initiated by plaintiff while defendant was beyond the borders of this forum. When a defendant enters the District physically or by some means of communication to solicit business, the Court may some means of communication to solicit business, the Court may reasonably infer that he intends to benefit from the protection of the laws of the District. See International Shoe, 326 U.S. at 319; McGee v. International Life Insurance Co., 355 U.S. 220, 223 (1957); Sol Salins, 510 A.2d at 1035; Hummel, 458 A.2d at 1188; Mouzavires, 434 A.2d at 997; Environmental Research, 355 A.2d at 812. Though Restum had sought a loan from the Riggs Bank, plaintiff telephoned defendant, who was in Virginia, to suggest that the loan might be available from plaintiff's coffers. Moreover, the terms and conditions of the loan were apparently negotiated entirely during this first conversation or established by the two defendants when they drafted the promissory note in virginia.
See Willis v. Willis, 655 F.2d 1333, 1338 (D.C. Cir. 1981) (absent some evidence that agreement signed or negotiated in District, fact that one party is District resident is insufficient); Environmental Research, 355 A.2d at 812.

Finally, plaintiff has failed to demonstrate that the promissory note was executed in the District. Restum states in his affidavit that he signed the note while in Virginia, and the copy of the note provided to the Court does not bear plaintiff's signature. See Bueno v. La Compania Peruana Radiodifusion, S.A., 375 A.2d 6, 7-9 (D.C. 1977) (contract executed by defendant in Peru and plaintiff in District and single visit by defendant's agent to District were insufficient to establish personal jurisdiction under 13-423 (a) (1) ) . Apparently, the note was given to plaintiff during the meeting in the District, but defendant denies that he ever received the $12,000. Plaintiff offers only his own affidavit to prove that the funds were given to defendant.

Thus, plaintiff has failed even to demonstrate that the loan was consummated.

ORDER

For the reasons stated in the foregoing memorandum, it is by the Court this 15th day of January, 1988

ORDERED that plaintiff's complaint be, and hereby is, dismissed for lack of personal jurisdiction.

> FN1. Service on defendant Babayan was accomplished at the same time by delivery of the summons and complaint to defendant Restum. Babayan has not appeared in this case.
>
> FN2. To buttress his allegation of personal jurisdiction over Restum, plaintiff asserts that Restum maintains a bank account and line of credit at Riggs.
>
> FN3. Plaintiff's actions in the District-phone calls to Restum and the conversation with the Riggs Bank officer-and Restum's other alleged business contact with the District-a bank account at Riggs-are not germane to the personal jurisdiction issue before the Court.

D.D.C.,1988.
Ings v. Restum
Not Reported in F.Supp., 1988 WL 8846 (D.D.C.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.