IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDAS RESOURCES N.V., CURACO; PABECO, B.V.; and ADASTRA MINERALS, INC., f/k/a AMERICAN MINERAL FIELDS, INC.<br>Plaintiffs,<br><br>v.<br><br>EMPRESSA NACIONAL DE DIAMANTES DE ANGOLA E.P. and NOFAR MINING B.V.<br>Defendants. | Case No. 1:06-cv-00570-ESH |

**PLAINTIFFS IDAS RESOURCES N.V., CURACO; PABECO B.V.; AND ADASTRA MINERALS, INC.'S RESPONSE TO DEFENDANT NOFAR MINING B.V.'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

COME NOW, Plaintiffs IDAS Resources N.V., Curaco ("IDAS"); Pabeco B.V.; and Adastra Mineral Fields, Inc., ("Plaintiffs") and hereby submit this Response to Defendant NOFAR Mining B.V.'s ("NOFAR") Motion to Dismiss. NOFAR moved the Court for an order of dismissal on two grounds: lack of subject matter jurisdiction and lack of personal jurisdiction. Yet herein Plaintiffs provide that this Honorable Court has both subject matter jurisdiction over this action and personal jurisdiction over NOFAR. For these reasons and the reasons following, this Honorable Court should DENY Defendant NOFAR's Motion to Dismiss.

## MEMORANDUM AND POINTS OF AUTHORITY

### I.

#### INTRODUCTION

The issues currently before the Court are its exercise of subject matter and personal jurisdiction in this action. The action arises out of a series of agreements amongst joint venture partners Twins (based in Washington, D.C.), IDAS (based in London), and ENDIAMA (based in Angola), which were executed in 2001 and 2002. Because ENDIAMA is an instrumentality of the Angolan Government, jurisdiction over ENDIAMA is based upon the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602 *et seq.* ("FSIA"), and the Court has original jurisdiction over FSIA actions pursuant to 28 U.S.C. § 1330(a). Because this Honorable Court has original jurisdiction over Plaintiffs' dispute with ENDIAMA, this Honorable Court also has subject matter jurisdiction over Defendant NOFAR pursuant to 28 U.S.C. § 1367(a).

This Honorable Court has personal jurisdiction over NOFAR, who Plaintiffs assert tortiously interfered with their contractual relations with ENDIAMA, because the NOFAR and ENDIAMA agreement lists Washington, D.C. based Twins as a party to the agreement. Moreover, Twins is also listed as a contracting party to the NOFAR contract in *The Diario*, the official Government gazette. Thus, in tortiously interfering with Plaintiffs' contractual relations, NOFAR has either (1) entered into contractual relations with Twins or (2) committed fraud against Twins. Either of these options is sufficient to provide the Court with personal jurisdiction over NOFAR, and it is for these reasons, and the reasons that follow, this Honorable Court should deny NOFAR's Motion to Dismiss.

## II.

### ARGUMENT AND AUTHORITIES

A. <u>Subject Matter Jurisdiction</u>

The issue of subject matter jurisdiction can be easily dealt with. The FSIA provides the basis for obtaining jurisdiction over a foreign sovereign, as well as its agents and instrumentalities, in the United States. 28 U.S.C. §§ 1605-1607; *see also Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993). Furthermore, 28 U.S.C. § 1330(a) provides:

> The district courts shall have **original jurisdiction** without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this title or under any applicable international agreement.

In addition, 28 USC § 1367(a) provides:

> [I]n any civil action of which the district courts have **original jurisdiction**, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

The courts of this circuit have consistently held that this so-called "supplemental jurisdiction" statute provides subject matter jurisdiction in regards to causes of action against defendants joined in FSIA suits, as is the case here. *See e.g., Biton v. Palestinian Interim Self-Government Authority*, 310 F. Supp. 2d 172, 183 (D.D.C. 2004); *Pugh v. Socialist People's Libyan Arab Jamahiriya*, 290 F. Supp. 2d 54, 60 (D.D.C. 2003); *Burnett v. Al Baraka Inv. & Development Corp.*, 274 F. Supp. 2d 86, 98-99 (D.D.C. 2003). Furthermore, in this case, Plaintiffs' claims against NOFAR are so unquestionably

related to those against ENDIAMA that they form part of the same case or controversy. Thus, the exercise of supplemental jurisdiction is appropriate and allows the Plaintiffs to proceed in their action against NOFAR. Truly, there exists here a "common nucleus of operative fact, common issues of proof, and existence of the same witnesses" necessary for the resolution of Plaintiffs' claims. *Biton*, 310 at 183. So even if each of NOFAR's arguments were accurate, which they are not, this Honorable Court would still have subject matter jurisdiction over this action pursuant to 28 USC § 1367(a). Therefore, Defendant NOFAR's Motion to Dismiss should be denied on the issue of subject matter jurisdiction.

### B. Personal Jurisdiction

This Honorable Court also has personal jurisdiction over NOFAR. To subject a foreign corporation to a judgment in personam, due process requires only that the corporation have "certain minimum contacts" with the territory of the forum, such that the maintenance of the action does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington Office of Unemployment Compensation & Placement*, 326 U.S. 310, 316 (1945). Since due process requires only that a foreign corporation have certain minimum contacts with a forum such that the maintenance of a suit against it does not offend traditional notions of fair play and substantial justice, the test is qualitative, rather than quantitative, as to whether the necessary minimum contacts exist. *Beja v. Jahangiri*, 453 F.2d 959, 961 (2d Cir. 1972); *see also Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 109-12 (1987). And the U.S. Supreme Court has long held that U.S. courts may exercise jurisdiction over a foreign corporation on the basis of even a single, isolated transaction. *McGee v. International Life Ins. Co.*,

355 U.S. 220, 223 (1957). So it is against these standards that NOFAR's Motion to Dismiss must be measured.

As more fully described in Plaintiffs' Response to ENDIAMA's Motion to Dismiss, Twins served as the intermediary and representative of the parties, and for its role, Twins was to be compensated with 11 percent of the project equity prior to capital recoupment and 13 percent of the project equity subsequent to capital recoupment. *See Plaintiff's Response to ENDIAMA's Motion to Dismiss* Exhibit 8, *Pryor Declaration* at ¶ 4. While Twins is a partnership formed under the laws of the Cook Islands, Washigton, D.C. has at all times been Twins' nerve center of operations and principal place of business. *Id.* at ¶¶ 6-10. Moreover, Twins is comprised of two principals, former State Department official Robert Cabelly and former Angolan Ambassador to the United States General Ndalu. *Id.* at ¶ 6. Both Robert Cabelly and General Ndalu maintain their places of residence in Washington, D.C., and Robert Cabelly is also the founder and managing director of C/R International LLC, a Washington, D.C. public relations and lobbying firm that represents the Republic of Angola. *Id.* at ¶¶ 6-9. Correspondence to and from Robert Cabelly was processed through C/R International LLC's mailing and telephone accounts. Similarly, from the inception of this joint venture, the designated place of payment for Twins was one of two bank accounts held in the United States. *Id.* at ¶ 9. One of the accounts was held by Robert Cabelly personally in Washington, D.C. and maintained by NationsBank NA. *See Plaintiffs' Response to ENDIAMA's Motion to Dismiss*, Exhibit 5, *Invoice and Receipt*. The second account was held by C/R International LLC in Washington, D.C. and maintained by First Union Bank. *See Plaintiffs' Response to ENDIAMA's Motion to Dismiss*, Exhibit 7, *Invoice and Receipt* at 1, 6. These points are

each objectively verifiable, and these points each lead to the inescapable conclusion that Twins is both factually and legally connected to Washington, D.C. What is also inescapable is the fact that NOFAR is both factually and legally connected to Twins and therefore Washington, D.C.

In the Complaint, Plaintiffs brought a cause of action against NOFAR for its tortious interference with Plaintiffs' contractual relations with Defendant ENDIAMA. This Honorable Court has personal jurisdiction over this cause of action because in interfering with Plaintiffs' contracts, NOFAR either colluded with Washington, D.C. based Twins or actively defrauded Washington, D.C. based Twins. Plaintiffs have come into the possession of two damning documents in this regard.[1] The first document is the contract entered into by NOFAR and ENDIAMA. Exhibit 1, *NOFAR Contract*. The second document is the September 2004 volume of *The Diario*, the official Government of Angola gazette, which details the licenses and concessions issued by ENDIAMA. Exhibit 2, *The Diario*. In both the NOFAR contract and *The Diario*, Twins is listed as NOFAR's joint venturer.[2] The signature page of the NOFAR contract, however, is conspicuously missing the signature of Twins. Regardless, it has become abundantly clear that either (1) NOFAR has entered into contractual relations with Washington, D.C. based Twins or (2) NOFAR is in the process of defrauding Twins. Either of these options is sufficient to satisfy the standards detailed above and

---

[1] Plaintiffs are in the process of having these recently uncovered documents translated and will provide the Court with certified translations upon receipt.

[2] *The Diario* even goes so far as to list Robert Cabelly's Washington, D.C. contact information.

provide the Court with personal jurisdiction over NOFAR. Therefore, Defendant NOFAR's Motion to Dismiss should also be denied on the issue of personal jurisdiction.

C. **Jurisdictional Discovery Should Be Ordered, If Needed**

Primarily, Plaintiffs believe that they have sufficiently demonstrated herein and in their Complaint that this Honorable Court has subject matter jurisdiction over this action and personal jurisdiction over NOFAR. However, if the Court believes that its inquiry into this matter would be aided by additional evidence, Plaintiffs hereby request that jurisdictional discovery be permitted. The Court of Appeals for the D.C. Circuit has long held that the district court retains "considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction," but it must give the plaintiff "ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *Prakash v. American University*, 727 F.2d 1174, 1179-80 (D.C. Cir. 1984). Therefore, if this Honorable Court requires additional evidence from Plaintiffs on these issues, which it should not, Plaintiffs hereby request an opportunity to conduct jurisdictional discovery and that a hearing to present such evidence be scheduled.

### III.

#### CONCLUSION

Pursuant to the foregoing, this Honorable Court should reject Defendant NOFAR's Motion to Dismiss and should hold that its has subject matter jurisdiction over the action and personal jurisdiction over NOFAR. If necessary, Plaintiffs also hereby request leave to amend the Complaint to include the jurisdictional facts as alleged here.

        **Respectfully submitted,**

_____
Steven D. Cundra
Hall Estill Hardwick Golden Gable & Nelson, PC
1120 20th Street, NW
Suite 700, North Building
Washington, DC 20036

Stephen F. Malouf
The Law Offices of Stephen F. Malouf, PC
3811 Turtle Creek Blvd., Suite 1600
Dallas, Texas 75219

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDAS RESOURCES N.V., CURACO )<br>)<br>PABECO B.V. )<br>)<br>ADASTRA MINERALS, INC. )<br>f/k/a AMERICAN MINERAL FIELDS, INC. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>EMPRESSA NACIONAL DE DIAMANTES )<br>DE ANGOLA E.P. )<br>)<br>NOFAR MINING B.V. )<br>)<br>Defendants. )<br>) | Case No. 1:06-cv-00570-ESH |

### DECLARATION OF JONATHAN NOCKELS

I, Jonathan Nockels, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct and made pursuant to my personal knowledge:

1. From August 2005 to the present date, I have served as an assistant to Stephen F. Malouf in his representation of the Plaintiffs in the above listed cause of action.

2. In Plaintiffs' Response to Defendant NOFAR's Motion to Dismiss the following are attached as exhibits:

   a. The contract amongst NOFAR, ENDIAMA, and Twins and

   b. Portions of the September 2004 volume of *The Diario*.

3.  Pursuant to my personal knowledge and belief, these attached exhibits are true and correct and the copies provided are authentic, true and correct copies of the original documents.

Jonathan Nockels: _[signature]_    Date: 09/05/06

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon the attorneys of record in the above cause in accordance with the Federal Rules of Civil Procedure on this 5th day of September, 2006.

Steven D. Cundra
Hall Estill Hardwick Golden Gable & Nelson, PC
1120 20th Street, NW
Suite 700, North Building
Washington, DC 20036