highly skilled workmen. The Company provides paid vacations, sick leave, group life, disability, hospitalization and medical insurance for its employees. The Company has a 401(k) retirement plan for its U.S. and Puerto Rico employees. The Company believes that it has satisfactory relationships with its employees. None of the Company's employees is represented by a union.

**Item 2. Properties**

The Company leases office space, a portion of which is devoted to sales rooms, at 529 Fifth Avenue, New York City, for a term expiring September 30, 2003 at an annual rental rate of approximately $278,000 (subject to escalations). The Company also subleases space at the same address to Leon Tempelsman & Son for a like term at a rental rate per square foot which is the same as the Company is paying to the landlord.

The Company also owns a manufacturing facility in Caguas, Puerto Rico. The Caguas facility consists of approximately 7,500 square feet.

The Company leases office space in Antwerp, Belgium for a term expiring May 31, 2003 at an annual rental rate of 1,500,000 Belgian francs (approximately $39,000).

The Company also has a 40% ownership interest in a 330 square meter office in Antwerp, Belgium, a portion of which is devoted to sales rooms.

The Company leases office space in Hong Kong for a term expiring April 30, 2000 at an annual

9

rental rate of 354,000 Hong Kong dollars (approximately $46,000).

The Company leases office space in Tokyo for a term expiring August 31, 2000 at an annual rental rate of 18,200,000 Japanese Yen (approximately $148,500).

The Company believes that its facilities are fully equipped and adequate to fulfill its operating and manufacturing needs.

**Item 3.  Legal Proceedings**

On or about April 13, 1999, International Diamond Traders CY B.V.B.A. ("IDT") and Avi Neumark ("Neumark"), the President and controlling stockholder of IDT, commenced an action in the U.S. District Court for the Southern District of New York against the Company, Lazare Kaplan Belgium, N.V., a subsidiary of the Company ("LKB"), and Maurice Tempelsman, Leon Tempelsman and Sheldon Ginsberg, each of whom is a director and officer of the Company and a director of LKB. The plaintiffs subsequently amended their complaints to eliminate LKB and Mr. Ginsberg as defendants. The plaintiffs alleged, among other things, that the Company and its principals fraudulently induced IDT to make more than $1.75 million in payments to the Company in connection with an alleged "joint venture" for the purchase of rough diamonds, excluded IDT from this relationship and expropriated its interest, defamed the plaintiffs, causing injury to their business reputation and interfered with plaintiffs' business prospects. The plaintiffs are seeking damages of $1.75 million, together with interest, general, consequential and other damages in an unspecified amount and punitive damages. The plaintiffs further seek the value of half of the alleged profits since September 1998, the date at which the relationship was allegedly wrongfully terminated. In addition, the plaintiffs allege that the Company's Quarterly Report on Form 10-Q for the quarter ended November 30, 1998 inaccurately includes all of the sales of the Company's Angolan operations. The Company believes that the plaintiffs' allegations are without merit and is vigorously defending this action.

In a related matter, on or about April 13, 1999, Novel Diamonds Inc. ("Novel") and Lexco Limited ("Lexco") submitted a demand for arbitration to the International Chamber of Commerce naming as respondents, the Company, Lazare

Kaplan (Bermuda) Ltd., a wholly-owned subsidiary of the Company, LKN Diamond Company, LTD. ("*LKN*") and Sheldon Ginsberg. Each of the claimants is controlled by Neumark. The claimants have alleged, among other things, that the respondents are in breach of their obligations to transfer the Company's "*rough diamond trading sight*" (the "*sight*") to LKN as was allegedly required by a 1994 shareholders agreement and have improperly barred claimants and Mr. Neumark from access to the "*sight*" business. As a result of the foregoing, the claimants are seeking damages of $5 million and at least 50% of the profits from the "*sight*" business since September 1998, plus interest, and 50% of the net asset value of LKN, including the "*sight*." The Company believes that the claimants' allegations are without merit and is vigorously defending this action.

The two above actions followed the institution, earlier in 1999, of an arbitration proceeding jointly submitted by Neumark, IDT and the Company. This matter was voluntarily submitted to arbitration by Neumark, IDT and the Company to resolve all monetary disputes between the parties as a result of the termination of their relationship, except for those that are the subject of the foregoing actions. All matters submitted to arbitration have been substantially resolved with the exception of the following (i) whether there is any goodwill arising from the alleged relationship in Angola, and (ii) if goodwill exists, the value of such goodwill and the amount of the payment, if any, to be made. The Company believes that such claim for goodwill is without merit and is vigorously defending its position that no payment for goodwill is appropriate.

If the opposing parties are successful in some or all of above related proceedings, the Company's business could be materially and adversely affected.

10

| 10-K405 | 11th Page of 19 | TOC | 1st | Previous | Next | Bottom | Just 11th |

In addition, Neumark has commenced an action in Delaware Chancery Court against the Company seeking the right to inspect, and make copies of, certain books and records of LKI and LKB.

**Item 4.  Submission of Matters to a Vote of Security Holders**

None

Executive Officers of the Company

The following table sets forth information regarding executive officers of the Company.

· *Download Table*

| NAME | POSITION | AGE |
| ---- | -------- | --- |
| Maurice Tempelsman | Chairman of the Board | 70 |
| Leon Tempelsman | Vice Chairman of the Board and President | 43 |
| Sheldon L. Ginsberg | Executive Vice President and Chief Financial Officer | 45 |
| Robert Speisman | Senior Vice President - Sales | 46 |

All officers were elected by the Board of Directors at its meeting following the Annual Meeting of Stockholders held in November 1998, and hold office until the Board of Directors meeting following the next Annual Meeting of Stockholders and until their respective successors have been duly elected and qualified.

Maurice Tempelsman is the Chairman of the Board and a director of the

Company and a general partner of Leon Tempelsman & Son ("*LTS*"), a partnership
with interests in the international diamond and mining industries. He has held
these positions since 1984. Maurice Tempelsman is the father of Leon Tempelsman
and the father-in-law of Robert Speisman.

        Leon Tempelsman is the Vice Chairman of the Board, the President and a
director of the Company and a general partner of Leon Tempelsman & Son. He has
held these positions since 1984. Leon Tempelsman is the son of Maurice
Tempelsman and the brother-in-law of Robert Speisman.

        The Company believes that neither the Tempelsmans nor LTS currently
engages directly or indirectly in any activities competitive with those of the
Company.

        Sheldon L. Ginsberg has been Executive Vice President and Chief
Financial Officer since February 1996. He was the Vice President and Chief
Financial Officer from April 1991 until February 1996. Mr. Ginsberg has been a
director of the Company since 1989.

        Robert Speisman has been the Senior Vice President - Sales of the
Company since January 1999. He was Vice President - Sales of the Company from
April 1986 until January 1999. Mr. Speisman has been a director of the Company
since 1989. Mr. Speisman is the son-in-law of Maurice Tempelsman and the
brother-in-law of Leon Tempelsman.

                                Part II

**Item 5.  Market for Registrant's Common Equity and Related Stockholder Matters**

                                  11

| 10-K405 | *12th Page of 19* | TOC | 1st | Previous | Next | Bottom | Just 12th |
|---------|-------------------|-----|-----|----------|------|--------|-----------|

The Company's common stock (par value $1 per share) is traded on the American Stock Exchange.

Market prices and other information with respect to the Company's common stock are hereby incorporated by reference to the Company's Annual Report.

**Item 6.    Selected Financial Data**

Selected financial data are hereby incorporated by reference to the Company's Annual Report.

**Item 7.    Management's Discussion and Analysis of Financial Condition and Results of Operations**

Management's discussion and analysis of financial condition and results of operations is hereby incorporated by reference to the Company's Annual Report.

**Item 7A.    Quantitative and Qualitative Disclosure About Market Risk**

Not applicable.

**Item 8.    Financial Statements and Supplementary Data**

(a) The following financial statements and supplementary data are hereby incorporated by reference to the Company's Annual Report.

(i)    Report of Ernst & Young LLP

(ii)   Consolidated Statements of Operations for each of the three years in the period ended May 31, 1999.

(iii)  Consolidated Balance Sheets as at May 31, 1999 and May 31, 1998.

(iv)   Consolidated Statements of Stockholder's Equity for

each of the three years in the period ended May 31, 1999.

(v)      Consolidated Statements of Cash Flows for each of the three years in the period ended May 31, 1999.

(vi)     Notes to Consolidated Financial Statements.

**Item 9.    Changes in and Disagreements with Accountants on Accounting and Financial Disclosures**

Not applicable.

Part III

Except for information regarding Executive Officers of the Company, which, in accordance with Instruction G to Form 10-K, is included in Part I hereof, the information called for by Part III (Items 10, 11, 12 and 13) is incorporated by reference herein to the Company's definitive proxy statement to be filed with the Commission within 120 days after the close of its fiscal year ended May 31, 1999.

Part IV

12

| 10-K405 | 13th Page of 19 | TOC | 1st | Previous | Next | Bottom | Just 13th |

**Item 14.  Exhibits, Financial Statement Schedules, and Reports on Form 8-K**

· *Download Table*

    (a)    1.    The response to this portion of Item 14 is set forth in Item 8 of Part II hereof.

            2.    Financial Statement Schedule

        Schedule II - Valuation and Qualifying Accounts for each of the three years in the period ended May 31, 1999.

        All other schedules are omitted because they are not applicable, or not required, or because the required information is included in the consolidated financial statements or notes thereto.

13

| 10-K405 | 14th Page of 19 | TOC | 1st | Previous | Next | Bottom | Just 14th |

## LAZARE KAPLAN INTERNATIONAL INC.

### AND SUBSIDIARIES

### SCHEDULE II-VALUATION AND QUALIFYING ACCOUNTS

· Enlarge/Download Table

| COLUMN A | COLUMN B | COLUMN C | | COLUMN D | COLUMN E |
|---|---|---|---|---|---|
| | | Additions | | | |
| Description | Balance at beginning of period | Charged to costs and expenses | Charged to other accounts describe | Deductions describe | Balance at end of period |
| **YEAR ENDED MAY 31, 1999:** | | | | | |
| Allowance for doubtful accounts | $143,120 | $ 60,000 | $      - | $   1,064(A) | $202,056 |
| **YEAR ENDED MAY 31, 1998:** | | | | | |
| Allowance for doubtful accounts | $162,487 | $ 60,000 | $      - | $ 79,367(A) | $143,120 |
| **YEAR ENDED MAY 31, 1997:** | | | | | |
| Allowance for doubtful accounts | $281,265 | $(25,000) | $      - | $ 93,778(A) | $162,487 |

(A) Amounts written off.

14

**Item 14. Exhibits, Financial Statement Schedules, and Reports on Form 8-K (continued)**

(b)    Reports on Form 8-K - The Company filed a Current Report on Form 8-K, responding to Item 5 - *"Other Events,"* on May 10, 1999.

(c)    Exhibits

(3)    Articles of Incorporation and Bylaws

(a)    Certificate of Incorporation, as amended - incorporated herein by reference to Exhibit 3(a) to the Company's Annual Report on Form 10-K for the fiscal year ended May 31, 1987 filed with the Commission on August 26, 1987, as amended on January 14, 1988.

(b)    Certificate of Amendment of Certificate of Incorporation filed with the Secretary of State of the State of Delaware on November 1, 1990 - incorporated herein by reference to Exhibit (3)(b) to the Company's Annual Report on Form 10-K for the fiscal year ended May 31, 1992 filed with the Commission on August 28, 1992.

(c)    Certificate of Amendment of the Certificate of Incorporation filed with the Secretary of State of the State of Delaware on November 6, 1997 - incorporated by reference to Exhibit 4.1(a) (iii) to Company's Registration Statement for the Lazare Kaplan International Inc. 1997 Long Term Stock Incentive Plan on Form S-8 filed with the Commission on November 14, 1997.

(d)    Certificate of Designations of Series A Junior Participating Preferred Stock filed with the Secretary of State of the State of Delaware on November 6, 1997 - incorporated by reference to Exhibit 4.1(b) to the Company's Registration Statement on Form S-8 filed with the Commission on November 14, 1997.

(e)     By-laws, as amended - incorporated herein by reference to
        Exhibit 3(b) to the Company's Annual Report on Form 10-K for
        the fiscal year ended May 31, 1987 filed with the Commission
        on August 26, 1987, as amended on January 14, 1988.

(10)     Material Contracts

(a)     Lazare Kaplan International Inc. Amended and Restated 1988
        Stock Option Incentive Plan - incorporated herein by reference
        to Exhibit 4.1 to the Company's Registration Statement on Form
        S-8 filed with the Commission on November 5, 1990.

(b)     Lazare Kaplan International Inc. 1997 Long Term Stock
        Incentive Plan - incorporated herein by reference to Exhibit A
        to the Company's proxy statement for its Annual Meeting of
        Stockholders held on November 5, 1997 filed with the
        Commission on September 17, 1997.

(c)     Form of Incentive Stock Option Agreement for options granted
        pursuant to the Lazare Kaplan International Inc. 1997 Long
        Term Stock Incentive Plan - incorporated herein by reference
        to Exhibit 4.5(a) to the Company's Registration Statement on
        Form S-8 filed with the Commission on November 14, 1997.

(d)     Form of Non-Qualified Stock Option Agreement for options
        granted pursuant to the Lazare Kaplan International Inc. 1997
        Long Term Stock Incentive Plan - incorporated herein by
        reference to Exhibit 4.5(a) to the Company's Registration
        Statement on Form S-8 filed with the Commission on November
        14, 1997.

15

| 10-K405 | 16th Page of 19 | TOC | 1st | Previous | Next | Bottom | Just 16th |

(e)    Note Agreement dated as of May 15, 1991 by and between the
       Company, Allstate Life Insurance Company, Monumental Insurance
       Company and PFL Life Insurance Company - incorporated herein
       by reference to Exhibit 28 to Report on Form 8-K dated May 23,
       1991 filed with the Commission on June 4, 1991.

(f)    First Amendment to Note Agreement, dated as of February 28,
       1992, by and between the Company, Allstate Life Insurance
       Company, Monumental Life Insurance Company and PFL Life
       Insurance Company - incorporated herein by reference to
       Exhibit 10(d) to the Company's Annual Report on Form 10-K for
       the fiscal year ended May 31, 1992 filed with the Commission
       on August 28, 1992.

(g)    Second Amendment to Note Agreement, dated as of March 25, 1992
       by and between the Company, Allstate Life Insurance Company,
       Monumental Life Insurance Company and PFL Life Insurance
       Company - incorporated herein by reference to Exhibit 10(e) to
       Report on Form 10-K of the Company for the fiscal year ended
       May 31, 1992 filed with the Commission on August 28, 1992.

(h)    Third Amendment to the Note Agreement, dated as of December 1,
       1992 by and between the Company, Allstate Life Insurance
       Company, Monumental Life Insurance Company and PFL Life
       Insurance Company - incorporated herein by reference to
       Exhibit 10(f) to the Company's Annual Report on Form 10-K for
       the fiscal year ended May 31, 1993 filed with the Commission
       on August 30, 1993.

(i)    Fourth Amendment to the Note Agreement, dated as of August 25,
       1995 by and between the Company, Allstate Life Insurance
       Company, Monumental Life Insurance Company and PFL Life
       Insurance Company - incorporated herein by reference to
       Exhibit 10 to the Quarterly Report on Form 10-Q for the
       quarterly period ended August 31, 1995 filed with the
       Commission on October 13, 1995.

(j)     Loan Agreement, dated May 14, 1996 among the Company, Fleet Bank, N.A. and Bank Leumi Trust Company of New York - incorporated herein by reference to Exhibit 10(i) to the Company's Annual Report on Form 10-K for the fiscal year ended May 31, 1996 filed with the Commission on August 28, 1996.

(k)     Amendment No. 1, dated as of November 29, 1996, to Loan Agreement, dated May 14, 1996, among the Company, Fleet Bank, N.A. and Bank Leumi Trust Company of New York - incorporated herein by reference to Exhibit 10(1) to Amendment No. 2 to the Company's Registration Statement on Form S-2 filed with the Commission on December 11, 1996.

(l)     Amendment No. 2, dated as of May 30, 1997, to Loan Agreement, dated May 14, 1996, among the Company, Fleet Bank, N.A. and Bank Leumi Trust Company of New York incorporated herein by reference to Exhibit 10(n) to the Company's Annual Report on Form 10-K for the fiscal year ended May 31, 1997 filed with the Commission on August 28, 1997.

(m)     Cooperation Agreement, dated July 15, 1996 between the Company and AK Almazi Rossii Sakha - incorporated herein by reference to Exhibit (2) to the Company's Current Report on Form 8-K/A filed with the Commission on November 18, 1996 (certain portions of this agreement have been omitted pursuant to a request for confidential treatment).

(n)     Cooperation Agreement, dated March 23, 1999 between the Company and AK Almazi

16

Rossii Sakha (certain portions of this agreement have been omitted pursuant to a request for confidential treatment).

(o)   Processing Agreement, dated as of February 20, 1999, between Pegasus Overseas Ltd. and a wholly-owned subsidiary of General Electric Company (certain portions of this agreement have been omitted pursuant to a request for confidential treatment).

(p)   Rights Agreement, dated as of July 31, 1997, between the Company and ChaseMellon Shareholder Services, LLC - incorporated herein by reference to Exhibit 99.1 to the Company's Form 8-A filed with the Commission on August 26, 1997.

(q)   Leon Tempelsman Retirement Benefit Plan of Lazare Kaplan International Inc. incorporated herein by reference to Exhibit 10(o) to the Company's Annual Report on Form 10-K for the fiscal year ended May 31, 1997 filed with the Commission on August 28, 1997.

(r)   Sheldon L. Ginsberg Retirement Benefit Plan of Lazare Kaplan International Inc. incorporated herein by reference to Exhibit 10(p) to the Company's Annual Report on Form 10-K for the fiscal year ended May 31, 1997 filed with the Commission on August 28, 1997.

(s)   Robert Speisman Retirement Benefit Plan of Lazare Kaplan International Inc. incorporated herein by reference to Exhibit 10(q) to the Company's Annual Report on Form 10-K for the fiscal year ended May 31, 1997 filed with the Commission on August 28, 1997.

(13)   1999 Annual Report to Security Holders - incorporated herein by reference to the Company's 1999 Annual Report to Stockholders to be filed with the Commission.

(21)   Subsidiaries

(23)        Consent of Ernst & Young LLP

(27)        Financial Data Schedule

17

**SIGNATURE**

Pursuant to the requirements of Section 13 or 15(d) of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned thereunto duly authorized.

LAZARE KAPLAN INTERNATIONAL INC.

By (s) Sheldon L. Ginsberg
---------------------------------------------
Sheldon L. Ginsberg, Executive Vice President and Chief Financial Officer (principal financial and accounting officer)

Dated:    August 27, 1999

Pursuant to the requirements of the Securities Exchange Act of 1934, this report has been signed below by the following persons on behalf of the registrant and in the capacities and on the dates indicated.

· *Download Table*

| Signature | Title | Date |
| --------- | ----- | ---- |
| (s) Maurice Tempelsman<br>--------------------------------<br>(Maurice Tempelsman) | Chairman of the Board of Directors | August 27, 1999 |
| (s) Leon Tempelsman<br>--------------------------------<br>(Leon Tempelsman) | Vice Chairman of the Board of Directors and President (principal executive officer) | August 27, 1999 |
| (s) Lucien Burstein | Director | August 27, 1999 |

```
-----------------------------------
(Lucien Burstein)
```

| | | |
|---|---|---|
| (s) Myer Feldman | Director | August 27, 1999 |

```
-----------------------------------
(Myer Feldman)
```

| | | |
|---|---|---|
| (s) Sheldon L. Ginsberg | Director and Executive | August 27, 1999 |

```
-----------------------------------   Vice President and Chief
(Sheldon L. Ginsberg)                 Financial Officer (principal
                                      financial and accounting
                                      officer)
```

| | | |
|---|---|---|
| (s) Robert Speisman | Director | August 27, 1999 |

```
-----------------------------------
(Robert Speisman)
```

18

| 10-K405 | Last Page of 19 | TOC | 1st | Previous | Next | Bottom | Just 19th |

**EXHIBIT INDEX**

· *Download Table*

(10)    (n)    Cooperation Agreement, dated March 23, 1999 between the
Company and AK Almazi Rossii Sakha (certain portions of this
agreement have been omitted pursuant to a request for
confidential treatment).

(10)    (o)    Processing Agreement, dated as of February 20, 1999,
between Pegasus Overseas Ltd. and a wholly-owned subsidiary of
General Electric Company (certain portions of this agreement
have been omitted pursuant to a request for confidential
treatment).

(13)    1999 Annual Report to Security Holders-incorporated herein by
reference to the 1999 Annual Report to Stockholders to be filed
with the Commission.

(21)    Subsidiaries

(23)    Consent of Ernst & Young LLP

(27)    Financial Data Schedule

19

**STATEMENT OF DIFFERENCES**

The registered trademark symbol shall be expressed as........................'r'
The paragraph symbol shall be expressed as...................................[p]
The trademark symbol shall be expressed as...................................'TM'

**Dates Referenced Herein  *and*  Documents Incorporated By Reference**

| *This 10-K405 Filing* | *Date* | *First* | *Last* | *Other Filings* |
|---|---|---|---|---|
| | | **Referenced-On Page** | | |
| | ▼ | | | |
| | 2/28/92 | 16 | | |
| | 3/25/92 | 16 | | |
| | 5/31/92 | 15 | 16 | |
| | 8/28/92 | 15 | 16 | |
| | 12/1/92 | 16 | | |
| | 5/31/93 | 16 | | |
| | 8/30/93 | 16 | | |
| | 8/25/95 | 16 | | |
| | 8/31/95 | 16 | | 10-K/A, 10-Q |
| | 10/13/95 | 16 | | |
| | 5/14/96 | 16 | | SC 13D/A |
| | 5/31/96 | 16 | | 10-K405 |
| | 7/15/96 | 16 | | |
| | 8/28/96 | 16 | | 10-K405 |
| | 11/18/96 | 16 | | 8-K/A |
| | 11/29/96 | 16 | | |
| | 12/11/96 | 16 | | S-2/A |
| | 5/30/97 | 16 | | |
| | 5/31/97 | 14 | 17 | 10-K405 |
| | 7/31/97 | 17 | | |
| | 8/26/97 | 17 | | 8-A12G |
| | 8/28/97 | 16 | 17 | 10-K405 |
| | 9/17/97 | 15 | | |
| | 11/5/97 | 15 | | DEF 14A, PRE 14A |
| | 11/6/97 | 15 | | |
| | 11/14/97 | 15 | | S-8 |
| | 5/31/98 | 12 | 14 | 10-K405 |
| | 11/30/98 | 10 | | 10-Q |
| | 2/20/99 | 17 | 19 | |

|  | 3/23/99 | 16 | 19 |  |
|  | 4/13/99 | 10 |  | 8-K |
|  | 5/10/99 | 15 |  | 8-K |
| For The Period Ended | 5/31/99 | 1 | 14 |  |
|  | 7/30/99 | 1 |  |  |
|  | 7/31/99 | 9 |  |  |
|  | 8/3/99 | 7 |  |  |
| Filed On / Filed As Of | 8/27/99 | 18 |  |  |
|  | 12/31/99 | 4 |  | 11-K |
|  | 4/30/0 | 9 |  |  |
|  | 8/31/0 | 10 |  | 10-Q |
|  | 5/31/3 | 9 |  | 10-K |
|  | 9/30/3 | 9 |  |  |

Top                                                                                       List All Filings

---

*Alternative Formats:*   Rich Text / Word (.rtf),  Text (.txt),  EDGAR (.sgml),  XML (.xml),  et al.

---

*Copyright © 2006 **Fran Finnegan & Company** All Rights Reserved.*
*www.secinfo.com - Sat, 5 Aug 2006 03:30:43.5 GMT - Help at SEC Info*