## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IDAS RESOURCES N.V., CURAÇAO  )
           )
PABECO B.V.       )
           )
ADASTRA MINERALS, INC.   )
f/k/a AMERICA MINERAL FIELDS, INC. )
           )
   Plaintiffs,     )
           )
v.          ) Case No. 1:06-cv-00570-ESH
           )
EMPRESA NACIONAL DE DIAMANTES )
DE ANGOLA E.P.      )
           )
NOFAR MINING B.V.     )
           )
   Defendants.    )

## REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT
## NOFAR MINING B.V.'S MOTION TO DISMISS

   Defendant, NOFAR Mining B.V. ("NOFAR"), by undersigned counsel, hereby submits

its Reply to Plaintiffs' Response to Defendant NOFAR's Motion to Dismiss and in support

thereof states the following:

## I. PLAINTIFFS HAVE FAILED TO PROVIDE A BASIS FOR THIS COURT TO
ASSERT PERSONAL JURSDICTION OVER NOFAR

   Plaintiffs have failed in their Complaint and in their Response to allege any facts

supporting the notion that personal jurisdiction can be exercised over NOFAR in the District of

Columbia.  Plaintiffs have failed to even acknowledge the existence of District of Columbia

statutes and case law which require certain minimum contacts to establish jurisdiction over a

non-resident defendant in cases based upon a claim arising abroad.  Instead Plaintiffs cite to a

New York case <u>Beja v. Jahangiri</u>, 453 F.2d 959, 961 (2d Cir. 1972), and a "doing business"

standard for the state of New York to assert personal jurisdiction over a foreign company having permanent contacts in the forum.

Neither the long arm statute D.C. Code §13-423(a) nor the "doing business" test in §13-334 supplies a basis for the Court to assert personal jurisdiction over NOFAR. As its sole basis for personal jurisdiction over NOFAR in the District of Columbia, Plaintiffs discuss a company named Twins Limited ("Twins") which it alleges was a party to the contract with ENDIAMA and Plaintiffs, and also a party to the contract with NOFAR and ENDIAMA[1]. First, to provide clarity for the Court, "Twins" is not a party to this lawsuit. Plaintiffs point to the Declaration of Bernard Pryor for information regarding "Twins." "Twins" is not even a company incorporated in the United States. See Plaintiffs' Response at page 5. Plaintiffs state that "Twins" was formed under the laws of the Cook Islands[2] and then provide a summary of the "contacts" that the non-party "TWINS" has with the District of Columbia. See Plaintiffs' Response at pages 5-7.

Whether "Twins'" contacts with the District are sufficient for jurisdiction over "Twins" is irrelevant. The issue is jurisdiction over NOFAR. Even assuming Plaintiffs' statements and the Declaration of Bernard Pryor are true, Plaintiffs have provided ***not one piece of information or allegation*** that NOFAR had any contact with the District of Columbia. Plaintiffs' description of "Twins'" contacts with the District of Columbia has nothing to do with NOFAR and does not establish jurisdiction over NOFAR.

---

[1] Plaintiffs have attached a Portuguese contract between ENDIAMA, NOFAR and Twins, but the contract does not show that Twins executed it. Nonetheless, for purposes of examining whether this court has personal jurisdiction over NOFAR, it is irrelevant whether Twins was or was not a party to that contract. Plaintiffs have not provided any information or even averments that NOFAR had any contacts with the District of Columbia. No part of the Agreement between ENDIAMA and NOFAR was entered into in the District of Columbia and no employee or agent of NOFAR was ever present in the District in connection with the Agreement. *See* Schley Affidavit at ¶ 8-10.
[2] The Cook Islands are a collection of fifteen small islands in the South Pacific which have a self-governing parliamentary democracy in free association with New Zealand.

For example, Plaintiffs indicate that "TWINS" is a Cook Islands corporation that has two principals who maintain **personal** residences in the District of Columbia.  <u>See</u> Pryor Declaration at ¶ 6-10.  Plaintiffs also indicate that one of the "TWINS" "principals" (presumably owners) is also a managing director of a wholly unrelated public relations and lobbying firm in the District of Columbia.  <u>See</u> Pryor Declaration at ¶ 6.  Plaintiffs allege that this unrelated lobbying firm (which is owned by one of the non-party principals of "TWINS") has represented the Republic of Angola.  <u>See</u> Pryor Declaration at ¶ 6.  This alleged representation, even assuming it is true, has nothing to do with NOFAR.  For the purposes of determining personal jurisdiction over NOFAR, a Netherlands company, these matters are immaterial.  Plaintiffs have failed to allege any contact of NOFAR with the District of Columbia, either as a matter of general or specific jurisdiction.

Plaintiffs' Response actually supports NOFAR's Motion to Dismiss.  At no point in the Affidavit, Response or Complaint, do Plaintiffs make the allegation that NOFAR had any contact with the District of Columbia.  Lacking such contact, Plaintiffs try misdirection to "Twins." Plaintiffs state that "Twins'" principal, Robert Cabelly, held a personal account in the United States, and another account was held by a C/R International in the District of Columbia by which the *Plaintiffs* (not NOFAR) made payments.  Plaintiffs, in their peroration, declare that, because of "Twins'" contacts with the District of Columbia and because NOFAR is "factually and legally connected to Twins and therefore Washington, D.C.," there is jurisdiction over NOFAR.  Under Plaintiffs' circular theory, any plaintiff can obtain personal jurisdiction over a foreign firm, such as NOFAR, in the District of Columbia, even if the firm had no contact or connection with the District of Columbia as long as the firm has some business relationship with a D.C. resident abroad.  This notion is without any legal support whatsoever and is ridiculous on its face.

Plaintiffs have also attached to their Response documents which they indicate they will translate and provide to the Court.  To date, no such translations have been provided.  Nonetheless, Plaintiffs describe these documents as: (1) Exhibit 1, the contract between NOFAR and ENDIAMA; (2) a document from Angola listing "Twins" as a joint venturer and listing Twins' principal's Robert Cabelly's Washington, DC contact information.  Why these documents were even offered is a mystery.  Viewing these documents (even in the Portuguese format in which they were submitted) shows only the "Twins" address that was provided in *The Diario da Republica*.  The address is

> "Rue: Anz House, Main Road, Avarua, Rarotonga;
> Telef: 2022612841
> Email: rcabelly@crinternational.com
> Ilhas Cook."

No address in the District of Columbia, much less the United States, is listed for Twins, which is irrelevant in any event to the issue at hand, namely contacts and jurisdiction over NOFAR.  On that issue,  Plaintiffs offer nothing to show that NOFAR conducted any business in the District of Columbia whatsoever.  Because the representative of TWINS has listed a District of Columbia cell phone number for this Cook Islands company is not a contact of NOFAR in the District of Columbia.  Moreover, in reviewing the Portuguese contract that Plaintiffs also attached, it clearly lists the same Cook Islands address discussed above.

The legal tests to be applied in this matter are clear under the case law and jurisdictional statutes in the District of Columbia.  The test to determine personal jurisdiction under the D.C. long-arm statute requires Plaintiffs to allege "specific facts demonstrating purposeful attempts [by NOFAR] to avail itself of the benefits and protections of the District's laws."  Dynamic Concepts, Inc. v. U-Tech Servs. Corp., 2000 U.S. Dist. LEXIS 6497, *4-5 (D.D.C. 2000) (attached as Exhibit 1).  Plaintiffs must, under the transacting business test, prove that (1) "the

defendant transacted business <u>in the District</u>, (2) the claim arose from the business <u>transacted in the District</u>, and (3) the defendant had minimum contacts with the District such that the Court's exercise of personal jurisdiction would not offend 'traditional notions of fair play and substantial justice.'" <u>Schwartz v. COI Japan, Ltd.</u>, 938 F. Supp. 1, 4 (D.D.C. 1996) (quoting <u>International Shoe v. Washington</u>, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945)); <u>see also</u> <u>Mitchell Energy Corp. v. Mary Helen Coal Co.</u>, 524 F. Supp. 558, 563-64 (D.D.C. 1981) (stating that "subjecting defendant to the jurisdiction of this Court based on its extremely limited contact with the District of Columbia would violate the requirements of due process set forth by the Supreme Court" in <u>International Shoes</u>). Plaintiffs' fail to allege *ANY* minimum contacts by NOFAR in the District necessary to trigger D.C. long-arm jurisdiction or jurisdiction based upon transacting business over NOFAR. Providing information regarding "Twins," which is not a party to this lawsuit and showing that one of "Twins" principals has a personal residence and phone number in the District of Columbia is not a basis for asserting jurisdiction **over NOFAR**.

Plaintiffs, by misdirection, are simply trying to assert a basis for establishing personal jurisdiction over "Twins," rather than NOFAR. Plaintiffs "cannot aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant." <u>Kopff v. Battaglia</u>, 425 F. Supp. 2d 76, 81 (D.D.C. 2006) (<u>citing</u> <u>Rush v. Savchuk</u>, 444 U.S. 320, 331-32, 100 S. Ct. 571, 62 L. Ed. 2d 516 (1980) ("rejecting aggregation of codefendants' forum contacts in determining personal jurisdiction because the requirements for personal jurisdiction 'must be met as to each defendant over whom a state court exercises jurisdiction'")).

Plaintiffs also rely on <u>McGee v. International Life Ins. Co.</u>, 355 U.S. 220, 223 (1957) for the notion that jurisdiction maybe exercised on the basis of even a single, isolated transaction.

Notably, Plaintiffs have failed to show what single contact was made by NOFAR. This fact notwithstanding, Plaintiffs fail to point out that the <u>McGee</u> Court held that "[i]t is sufficient for purposes of due process that the suit was based on a contract **which had a substantial connection with that State.**" <u>Id.</u> (emphasis added). <u>McGee</u> is a case of specific jurisdiction, which is not involved in this case.

No act of NOFAR in the District gave rise to the cause of action. Here, the contract between NOFAR and ENDIAMA has no connection with the District of Columbia. As discussed in NOFAR's Motion to Dismiss, the Agreement between ENDIAMA and NOFAR was negotiated and executed in Portuguese in Luanda, Angola, for mining activities to occur in Angola only, and subject to the laws of Angola. <u>See</u> Schley Affidavit, ¶ 3, 5, 7. No part of the agreement was to be performed in the District of Columbia, nor was any employee or agent of NOFAR ever present in the District of Columbia in connection with the agreement. <u>See</u> Schley Affidavit ¶ 8, 9. As a result, Plaintiffs cannot obtain general jurisdiction over NOFAR for "doing business" or having any presence in the District of Columbia. <u>See, e.g.</u>, <u>Everett v. Nissan Motor Corp.</u>, 628 A. 2d 106. Plaintiffs have not provided any proof or even good faith allegations based on information and belief that NOFAR conducted any business in the District of Columbia or has any contact whatsoever with the District of Columbia.

The Court cannot exercise specific jurisdiction over NOFAR under D.C. Code § 13-423 because none of Plaintiffs' claims arose from any business transacted between Plaintiffs and NOFAR in the District. And, in the absence of a *prima facie* showing of continuous and systematic contacts between NOFAR and the District to justify a finding that the corporation was doing business in the District, the court lacks general jurisdiction over NOFAR under D.C. Code § 13-334(a).

## II.    JURISDICTIONAL DISCOVERY

It is clear in the District of Columbia, that to determine whether NOFAR conducted business here requires an examination of the frequency and volume of NOFAR's transactions with the District.  Plaintiffs want the opportunity to conduct a fishing expedition in the form of jurisdictional discovery.  The test to determine whether jurisdictional discovery is justified is whether a party can demonstrate that it can **supplement** its jurisdictional allegations through discovery.  Based upon what Plaintiffs have presented, there is nothing to supplement.  See, e.g., Kopff v. Battaglia, 425 F. Supp. 2d 76, 89 (D.D.C. 2006) (citations omitted).  Plaintiffs have failed to "reasonably demonstrate that the discovery will enable him to show that the Court has personal jurisdiction over the defendants."  See Jackson v. Fed. Bureau of Prisons, 2006 U.S. Dist. LEXIS 59119, *11 at n.2 (D.D.C. 2006) (denying plaintiff's motion for jurisdictional discovery) (attached as Exhibit 2).

In this case, NOFAR's affidavit has provided evidence to support the proposition that Plaintiffs cannot establish personal jurisdiction, as NOFAR had no contacts with the District of Columbia.  At the minimum, the Court would need some basis that, to the contrary, NOFAR had some contact with the District of Columbia.  However, in response to the Motion to Dismiss, Plaintiffs failed to assert *anything* that would connect NOFAR to the District.  Plaintiffs focus on the extremely attenuated contacts of "Twins," the Cook Island Company, with the District of Columbia.  Notably, "Twins" and NOFAR have no business relation, other than to have allegedly entered into an agreement with ENDIAMA for mining and exploration in Angola, under which any disagreement was to be resolved in Portuguese and determined by the laws of Angola.  Plaintiffs have not even asserted a good faith belief exists that it would ever be able to show that the Court could have personal jurisdiction over NOFAR.  See, e.g., Caribbean Broad.

7

<u>Sys. v. Cable & Wireless PLC</u>, 148 F. 3d 1080 (D.C. Cir. 1998). The Court in <u>Caribbean Broad.</u>

<u>Sys.</u> stated, "in order to get jurisdictional discovery a plaintiff must have at least a good faith

belief that such discovery will enable it to show that the court has personal jurisdiction over the

defendant." <u>Id</u>. at 1090. The <u>Caribbean Broad Sys.</u> Court noted numerous cases that denied

jurisdictional discovery when a plaintiff cannot adequately respond to defendant's affidavit with

anything but speculation. <u>Id.</u>, citing:

> <u>See</u>, <u>e.g.</u>, <u>Hansen v. Neumueller GmbH</u>, 163 F.R.D. 471, 476 (D.Del. 1995)
> (concluding, after analysis of Rules 26 and 8, that plaintiff who responded to
> defendant's affidavit with "a complete absence of jurisdictional facts" had not
> made threshold showing necessary to get jurisdictional discovery); <u>Poe v.</u>
> <u>Babcock Int'l, plc</u>, 662 F. Supp. 4, 7 (M.D. Pa. 1985) (holding that because
> "plaintiff has met defendants' affidavit evidence with mere speculation, plaintiff's
> request for…[jurisdictional] discovery…must be denied"); <u>see also</u>, <u>Ellis v.</u>
> <u>Fortune Seas, Ltd.</u>, 175 F.R.D. 308, 312 (S.D. Ind. 1997) (citing cases and
> holding "it is reasonable for a court…to expect the plaintiff to show a colorable
> basis for jurisdiction before subjecting the defendant to intrusive and burdensome
> discovery"); <u>International Terminal Operating Co., Inc. v. Skibs A/S Hidlefjord</u>,
> 63 F.R.D. 85 (S.D.N.Y. 1973) (holding jurisdictional discovery not appropriate
> when plaintiff merely hopes to find statements in defendant's affidavit not
> accurate but has not made counter-allegations in its own affidavit).

<u>Id</u>. at 1090. Significantly, there have been no allegations that NOFAR conducted business in the

District of Columbia

Plaintiffs have failed to demonstrate in any manner that any good faith belief exists that

discovery will enable plaintiff to show that the Court has personal jurisdiction over NOFAR. It

is appropriate to dismiss Plaintiffs' action against NOFAR for lack of personal jurisdiction

without granting jurisdictional discovery. <u>Herero People's Reparations Corp. v. Deutsche Bank</u>

<u>AG</u>, 2003 U.S. Dist. LEXIS 27086, *33-35 (D.D.C. 2003) (rejecting Plaintiffs' arguments that

they were entitled to jurisdictional discovery before disposition of Defendant's motion to dismiss

and holding that Plaintiffs failed to meet the standards justifying jurisdictional discovery

expounded by the United States Court of Appeals for the District of Columbia Circuit) (attached

as Exhibit 3). Here, Plaintiffs have alleged absolutely nothing to indicate, even upon information or belief, that a District of Columbia Court might constitutionally assert jurisdiction over this Netherlands company for a contract dealing with mining and exploration rights in Angola.

## III.    SUBJECT MATTER JURISDICTION

Although Plaintiffs have asserted subject matter jurisdiction in their complaint over NOFAR based on 28 U.S.C. 1332(a)(2), Plaintiffs appear to have abandoned this assertion in their Response. Rather, Plaintiffs now rely on the 28 U.S.C. 1367(a) supplemental jurisdiction statute to establish subject matter jurisdiction for its claims against NOFAR. Plaintiffs' cause of action against NOFAR is a separate cause of action for alleged tortious interference with contractual relations. This claim is not so related to any claims asserted against co-defendant ENDIAMA to establish supplemental jurisdiction under 28 U.S.C. §1367. If in fact the Court determines that subject matter jurisdiction exists over the claims against ENDIAMA, the claim against NOFAR is not so related to the claims against ENDIAMA that it forms the same case or controversy. As such, subject matter jurisdiction cannot be established on this basis.

## IV.    CONCLUSION

For the foregoing reasons, Defendant, NOFAR, requests that the Court enter an Order dismissing Plaintiffs' claim against this Defendant with prejudice.

Respectfully Submitted,

**ECKERT SEAMANS CHERIN
& MELLOTT, LLC**

_____/s/ Thomas J. Whalen_____
Thomas J. Whalen (D.C. Bar No. 208512)
Laura G. Stover (D.C. Bar No. 475144)
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, NW
Suite 1200
Washington, DC 20006
Phone:  (202) 659-6600
Fax:  (202) 659-6699

Counsel for Defendant, NOFAR Mining
B.V.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Reply to Plaintiffs' Response to Defendant NOFAR's Motion to Dismiss** was filed and served electronically, this 25th day of September, 2006, to:

>Steven D. Cundra
>Hall Estill Hardwick Golden Gable & Nelson, PC
>1120 20th Street, NW
>Suite 700, North Building
>Washington, DC 20036
>
>Stephen F. Malouf
>The Law Offices of Stephen F. Malouf, P.C.
>3506 Cedar Springs
>Dallas, TX 75219

>_____/s/ Thomas J. Whalen_____
>Thomas J. Whalen