# EXHIBIT 2

*2006 U.S. Dist. LEXIS 59119, **

MICHAEL JACKSON, Plaintiff, v. FEDERAL BUREAU OF PRISONS, et al., Defendants.

View the Full Docket from LexisNexis CourtLink for 1:06cv592
Civil Action No. 06-592 (GK) )

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

2006 U.S. Dist. LEXIS 59119

August 22, 2006, Decided
August 22, 2006, Filed

**CASE SUMMARY:**
**PROCEDURAL POSTURE:** Pro se plaintiff federal inmate sued defendants, the U.S. Bureau of Prisons (BOP), the Director of BOP (federal defendants), a prison contractor, an assistant warden, and a chaplain (contractor defendants), alleging they violated the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C.S. § 2000cc, by failing to provide him the pork-free diet required by his religious beliefs. Defendants moved to dismiss.

**OVERVIEW:** The federal defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), and the contractor defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(2). The federal defendants moved to dismiss on the ground that the RLUIPA did not apply to the BOP. The RLUIPA did not create a cause of action against the federal government or its correctional facilities. The inmate could not bring a RLUIPA claim against the federal defendants. The inmate alleged that the court had jurisdiction over the contractor defendants by virtue of its contract with the BOP to operate the prison where he was incarcerated. The fact that the contract was made pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, D.C. Code §§ 24-101 et seq., or executed within the District of Columbia did not confer personal jurisdiction over out-of-state defendants such as the contractor defendants. Additionally, the inmate did not allege that he suffered an injury in the District of Columbia. It was in the interests of justice to transfer the claim against the contractor defendants to the United States District Court for the Eastern District of North Carolina.

**OUTCOME:** The federal defendants' motion to dismiss was granted. The claim against the contractor defendants was transferred.

**CORE TERMS:** personal jurisdiction, religious, inmate, pork, Revitalization Act, federal government, discovery, subject matter jurisdiction, failure to state a claim, government interest, motion to dismiss, long-arm, omission, incarcerated, dietary, reside, beans, lack of personal jurisdiction, motions to dismiss, least restrictive, cause of action, correctional, prison, jurisdictional, transferred, contracted, pork-free, chaplain, tortious, confer

**LexisNexis(R) Headnotes**

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims
Civil Procedure > Pleading & Practice > Pleadings > Complaints > Requirements
*HN1* A Fed. R. Civ. P. 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. The complaint need only set forth a short and plain statement of the claim, giving

the defendant fair notice of the claim and the grounds upon which it rests.

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims
Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss
Evidence > Procedural Considerations > Burdens of Proof > Allocation

HN2± A court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Thus, in resolving a Fed. R. Civ. P. 12(b)(1) or 12(b)(6) motion, the court must treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. The court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. In addition, the plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence.

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss
Evidence > Procedural Considerations > Burdens of Proof > Allocation

HN3± The plaintiff bears the burden of establishing personal jurisdiction over each defendant. In order to meet that burden, a plaintiff must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations. Furthermore, a plaintiff cannot aggregate allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant. In deciding a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the court need not treat plaintiff's allegations as true. Rather, the court may consider and weigh affidavits and other relevant matter in making the jurisdictional determination.

Civil Rights Law > Civil Rights Acts > Religious Freedom Restoration Act

HN4± The Religious Freedom Restoration Act provides that a government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability unless the government demonstrates that it is in furtherance of a compelling government interest and is the least restrictive means of furthering that compelling government interest. 42 U.S.C.S. § 2000bb.

Civil Rights Law > Civil Rights Acts > Religious Freedom Restoration Act

HN5± The United States Supreme Court has held that the held that Religious Freedom Restoration Act (RFRA) is unconstitutional as applied to the states. A number of federal courts of appeals, including the United States Court of Appeals for the District of Columbia, have held that the RFRA still applies to the federal government.

Civil Rights Law > Prisoner Rights > Freedom of Religion

HN6± Section 3 of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C.S. § 2000cc-1, applies to religious exercise by institutionalized persons. The statute provides that no government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, unless the government demonstrates that the burden furthers a compelling government interest and that it has adopted the least restrictive means to serve that interest. 42 U.S.C.S. § 2000cc-1(a)(1)-(2). An individual affected by such a burden has a right to pursue judicial relief. 42 U.S.C.S. § 2000cc-2(a).

Civil Rights Law > Prisoner Rights > Freedom of Religion

HN7± Under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C.S. §

Get a Document - by Citation - 2006 U.S. Dist. LEXIS 59119     Page 3 of 8

Case 1:06-cv-00570-ESH   Document 19-3   Filed 09/25/2006   Page 4 of 9

2000cc, the term government is defined as: (1) a state, county, municipality, or other government entity created under the authority of a state; (2) any branch, department, agency, instrumentality, or official of these entities; and (3) any other person acting under color of state law. 42 U.S.C.S. § 2000cc-5(4). The statute does not create a cause of action against the federal government or its correctional facilities.

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Doing Business
Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Long-Arm Jurisdiction
Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Purposeful Availment

HN8 The District of Columbia long-arm statute, D.C. Code § 13-423, is the only basis upon which personal jurisdiction may be exercised over defendants who do not reside within or maintain a place of business in the District of Columbia. The District of Columbia long-arm statute provides that a court may exercise personal jurisdiction over those who have: (1) transacted business in the District of Columbia, (2) contracted to supply services in the District of Columbia, (3) caused a tortious injury in the District of Columbia by an act or omission in the District of Columbia, or (4) caused a tortious injury in the District of Columbia by an act or omission outside the District of Columbia while regularly doing or soliciting business or engaging in any other persistent course of conduct in the District. D.C. Code Ann. § 13-423(a)(1)-(4) (2006). For there to be personal jurisdiction under the long-arm statute, the plaintiff must allege some specific facts evidencing purposeful activity by defendants in the District of Columbia by which they invoked the benefits and protections of its laws and specific acts connecting the defendants with the forum.

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > General Overview
Civil Procedure > Discovery > General Overview

HN9 Jurisdictional discovery is only warranted if the plaintiff reasonably demonstrates that the discovery will enable him to show that the court has personal jurisdiction over the defendants.

Civil Procedure > Venue > Federal Venue Transfers > Improper Venue Transfers

HN10 A court may transfer an action even though it lacks personal jurisdiction over the defendants. Transfer is appropriate under 28 U.S.C.S. § 1406(a) when procedural obstacles, such as lack of personal jurisdiction and improper venue, impede an expeditious and orderly adjudication on the merits. The decision to transfer an action on this basis is left to the discretion of the court. As a general matter, a transfer of the case is favored over a dismissal.


**COUNSEL:** [*1] MICHAEL JACKSON, Plaintiff, Pro se, Winton, NC.

For FEDERAL BUREAU OF PRISONS, HARLEY LAPPIN, Defendants: Eric J. Janson, U.S. ATTORNEY'S OFFICE, Washington, DC US.

For THE G.E.O. GROUP INC., DAVID FARMER, Assistant Warden, Rivers Correctional Institution, JAMES K. BROWN, Institution Chaplain, Rivers Correctional Institution, Defendants: Paul A. Kaplan, WOMBLE CARLYLE, SANDRIDGE & RICE PLLC, Washington, DC.

**JUDGES:** GLADYS KESSLER, United States District Judge.

**OPINION BY:** GLADYS KESSLER

Get a Document - by Citation - 2006 U.S. Dist. LEXIS 59119    Page 4 of 8

Case 1:06-cv-00570-ESH    Document 19-3    Filed 09/25/2006    Page 5 of 9

**OPINION: MEMORANDUM OPINION**

Plaintiff, a federal inmate proceeding *pro se*, brought this action alleging that the Defendants violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, by failing to provide him the pork-free diet required by his religious beliefs. The complaint names as Defendants the Bureau of Prisons ("BOP") and Harley Lappin, the Director of BOP ("Federal Defendants"), and the GEO Group, Inc. and two of its employees, David Palmer, Assistant Warden at the Rivers Correctional Institution ("RCI"), and James K. Brown, the prison chaplain. ("GEO Defendants"). Defendants have filed motions to dismiss.

**Background [*2]**

Plaintiff is incarcerated at the RCI in Winton, North Carolina. Complaint, p. 1. The RCI is operated by the Geo Group, Inc. pursuant to a contract with the BOP. *Id.*, p. 5. Plaintiff alleges that he is a practicing Sunni Muslim and that his religion has strict dietary laws and requirements. *Id.*, p. 4. On July 5, 2005, Plaintiff claims he was in the RCI's dining hall during the serving of special diets. *Id.*, p. 3. The dining staff handed him a food tray containing pinto beans with pork. *Id.* He returned the tray and was given one without pork. *Id.* The consumption of pork violates Plaintiff's Muslim faith. *Id.*, p. 2.

Plaintiff met with defendant James K. Brown, the chaplain at RCI, and complained to him that he had failed to offer the prison's Muslim community the opportunity to observe their faith's dietary requirements. *Id.*, p. 4. Plaintiff also filed an informal Request for an Administrative Remedy raising the issue of the pork in his food. *Id.*, Ex. 1. He alleges that after the request was denied, he met with Assistant Warden David Farmer. *Id.*, p. 4. Defendant Farmer stated that the BOP's dietary program complied with Plaintiff's religious requirements. **[*3]** *Id.*

In response to Plaintiff's appeal of the denial of his grievance, RCI's Warden acknowledged that a case of pinto beans containing pork was inadvertently received into the facility. *Id.*, Ex. 2. According to the Warden, the case of beans was immediately disposed of and not served to the inmates. *Id.* He also affirmed that the food served at RCI was pork-free. *Id.* Plaintiff's further administrative appeals to the BOP were denied. *Id.*, p. 3.

**Standard of Review**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the Federal Defendants move to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. HN1 A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 352 U.S. App. D.C. 4, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 358 U.S. App. D.C. 295, 348 F.3d 1033, 1040 (D.C. Cir. 2003) **[*4]** (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

HN2 A court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia*, 359 U.S. App. D.C. 179, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(1) or 12(b)(6) motion, the court must treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 357 U.S. App. D.C. 223, 334 F.3d 61, 67 (D.C. Cir. 2003), *cert. denied*, 540 U.S. 1149, 124 S. Ct. 1146, 157 L. Ed. 2d 1042 (2004); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 357 U.S. App. D.C. 35, 333 F.3d 156, 165 (D.C. Cir. 2003), *cert. denied*, 540 U.S. 1218, 124 S. Ct. 1506, 158 L. Ed. 2d 153 (2004). The court need not accept as true inferences unsupported

Get a Document - by Citation - 2006 U.S. Dist. LEXIS 59119

Page 5 of 8

Case 1:06-cv-00570-ESH   Document 19-3   Filed 09/25/2006   Page 6 of 9

by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242. **[*5]** In addition, the plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Felter v. Norton*, 412 F. Supp. 2d 118, 122 (D.D.C. 2006) (citation and quotation omitted).

The GEO Defendants assert that this Court lacks personal jurisdiction over them. **HN3** The plaintiff bears the burden of establishing personal jurisdiction over each defendant. *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003). In order to meet his burden, a plaintiff must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations. *Id*. Furthermore, a plaintiff cannot aggregate allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant. *Id*. In deciding a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the Court need not treat plaintiff's allegations as true. *Id*. Rather, the Court may consider and weigh affidavits and other relevant matter in making the jurisdictional determination. *Id*.

**Discussion**

*Federal Defendants* **[*6]**

The Federal Defendants move to dismiss on the ground that the RLUIPA does not apply to the BOP. In order to properly evaluate the Defendants' argument, it is necessary to understand the legislative and jurisprudential history of this area of law. RLUIPA is the "latest of long-running congressional efforts to accord religious exercise heightened protection from government-imposed burdens" than that required by the Supreme Court's free exercise clause jurisprudence. *Cutter v. Wilkinson*, 544 U.S. 709, 125 S. Ct. 2113, 2117-2118, 161 L. Ed. 2d 1020 (2005). To that end, in 1993, Congress enacted the Religious Freedom Restoration Act ("RFRA"). That statute was intended to overturn *Employment Div., Dep't of Human Resources of Or. v. Smith*, 494 U.S. 872, 110 S. Ct. 1595, 108 L. Ed. 2d 876 (1990), a decision which held that the First Amendment permits governments to apply neutral generally applicable laws to a religious practice without a showing of a compelling state interest. *Cutter*, 125 S. Ct. at 2118; *Caldwell v. Caesar*, 150 F. Supp. 2d 50, 55 (D.D.C. 2001). **HN4** RFRA provides that a government "shall not substantially burden a person's exercise **[*7]** of religion even if the burden results from a rule of general applicability" unless the government demonstrates that it "is in furtherance of a compelling government interest" and "is the least restrictive means of furthering that compelling government interest." 42 U.S.C. § 2000bb.

In *City of Boerne v. Flores*, 521 U.S. 507, 523-36, 117 S. Ct. 2157, 138 L. Ed. 2d 624 (1997), **HN5** the Supreme Court held that RFRA was unconstitutional as applied to the states. A number of courts of appeals, including ours, have held that RFRA still applies to the federal government. *See Cutter*, 125 S. Ct. at 2118; *Henderson v. Kennedy*, 347 U.S. App. D.C. 340, 265 F.3d 1072, 1073 (D.C. Cir. 2001); *Gartrell v. Ashcroft*, 191 F. Supp. 2d 23, 37 (D.D.C. 2002). n1

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 The Supreme Court has yet to decide the issue. *Cutter*, 125 S. Ct. at 2118 n. 2.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

In response to the Supreme Court invalidating RFRA as applied to the states, Congress enacted RLUIPA. **[*8]** *Cutter*, 125 S. Ct. at 2118. **HN6** Section 3 of RLUIPA, 42 U.S.C. §

Get a Document - by Citation - 2006 U.S. Dist. LEXIS 59119    Page 6 of 8

Case 1:06-cv-00570-ESH    Document 19-3    Filed 09/25/2006    Page 7 of 9

2000cc-1, applies to religious exercise by institutionalized persons. The statute provides that "no *government* shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government demonstrates that the burden furthers "a compelling government interest" and that it has adopted the "least restrictive means" to serve that interest. *Id.*, § 2000cc-1(a)(1)-(2)(emphasis supplied). An individual affected by such a burden has a right to pursue judicial relief. *Id.*, § 2000cc-2(a).

HN7⬆Under RLUIPA, the term "government" is defined as (1) a State, county, municipality, or other government entity created under the authority of a State; (2) any branch, department, agency, instrumentality, or official of these entities; and (3) any other person acting under color of State law. § 2000cc-5(4). The statute does not create a cause of action against the federal government or its correctional facilities. *Ish Yerushalayim v. United States*, 374 F.3d 89, 92 (2d Cir. 2004); *Bloch v. Samuels*, 2006 U.S. Dist. LEXIS 53732, No. H-04-4861, 2006 WL 2239016, **[*9]** at *7 (S.D. Tex. Aug. 3, 2006); *Sample v. Lappin*, 424 F. Supp. 2d 187, 192 n. 3 (D.D.C. 2006); *Terrero v. Watts*, No. 202-134, 2005 WL 2838142, at *5 (S.D. Ga. Oct. 26, 2005). This conclusion is the only sensible construction of the statute. RLUIPA was specifically enacted to counter a Supreme Court decision holding that the identical provisions of RFRA could not be applied to the states. *Cutter*, 125 S. Ct. at 2118. In addition, as noted above, inmates still retain a cause of action under RFRA against the federal government. Therefore, Plaintiff cannot bring a RLUIPA claim against the Federal Defendants.

*GEO Defendants*

These Defendants move to dismiss based on lack of personal jurisdiction. The caption of Plaintiff's complaint lists the addresses of Defendants Geo Group, Inc., David Farmer, and James K. Brown as being in Winton, North Carolina. The complaint does not allege that the Defendants reside in the District of Columbia or conduct business here.

HN8⬆The District of Columbia long-arm statute, D.C. Code § 13-423, is the only basis upon which personal jurisdiction may be exercised over defendants **[*10]** who do not reside within or maintain a place of business in the District of Columbia. *Reuber v. United States*, 242 U.S. App. D.C. 370, 750 F.2d 1039, 1040 (D.C. Cir. 1984); *Robertson v. Merola*, 895 F. Supp. 1, 3 (D.D.C. 1995). The District of Columbia long-arm statute provides that a Court may exercise personal jurisdiction over those who have (1) transacted business in the District of Columbia; (2) contracted to supply services in the District of Columbia; (3) caused a tortious injury in the District of Columbia by an act or omission in the District; or (4) caused a tortious injury in the District of Columbia by an act or omission outside the District while regularly doing or soliciting business or engaging in any other persistent course of conduct in the District. D.C. Code § 13-423(a)(1)-(4)(2006). For there to be personal jurisdiction under the long-arm statute, the plaintiff must allege some specific facts evidencing purposeful activity by defendants in the District of Columbia by which they invoked the benefits and protections of its laws and specific acts connecting the defendants with the forum. *See, e. g., Cellutech v. Centennial Cellular Corp.*, 871 F. Supp. 46, 48 (D.D.C. 1994). **[*11]**

Plaintiff contends that the Court has jurisdiction over the GEO Defendants by virtue of its contract with the BOP to operate the RCI. n2 In 1997, Congress transferred responsibility for the imprisonment of felons convicted under the D.C. Code from the District of Columbia to the federal government pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"). *Fletcher v. Reilly*, 369 U.S. App. D.C. 100, 433 F.3d 867, 870 (D.C. Cir. 2006); *see* D.C. Code §§ 24-101 *et seq*. The statute provides that D.C. Code offenders "shall be designated by the Bureau of Prisons to a penal or correctional facility operated or contracted by the Bureau of Prisons . . ." *Id.*, § 24-101(a). In addition, the Revitalization Act mandates that fifty percent of D.C. inmates be incarcerated in private correctional facilities. *Id.*, § 24-101(c)(1)(B).

Get a Document - by Citation - 2006 U.S. Dist. LEXIS 59119

Case 1:06-cv-00570-ESH    Document 19-3    Filed 09/25/2006    Page 8 of 9

Page 7 of 8

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 Following briefing on the Defendants' motions to dismiss, Plaintiff filed a motion for jurisdictional discovery. *HN9* Such discovery is only warranted if the Plaintiff reasonably demonstrates that the discovery will enable him to show that the court has personal jurisdiction over the defendants. *GTE New Media Servs., Inc. v. BellSouth Corp.*, 339 U.S. App. D.C. 332, 199 F.3d 1343, 1351 (D.C. Cir. 2000); *Carribean Broad Sys. v. Cable & Wireless PLC*, 331 U.S. App. D.C. 226, 148 F.3d 1080, 1090 (D.C. Cir. 1998). In his motion, Plaintiff alleges that discovery will demonstrate that the GEO Group has extensive contact with BOP and other federal agencies in the District of Columbia, as well as the D.C. Jail. Plaintiff contends that this information would indicate that the GEO Group is transacting business in the District of Columbia.

As the Court notes below, none of these allegations, if proven, would establish personal jurisdiction over the GEO Defendants. The Court will deny Plaintiff's motion.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*12]

The BOP and Wackenhut Correctional Corporation, now part of the GEO Group, entered into a contract for Wackenhut to house D.C. inmates pursuant to the Revitalization Act. See Pl.'s Opp. to Deft.'s Mot. to Dismiss, Ex. 1. The fact that this agreement was made pursuant to the Revitalization Act or executed within the District of Columbia does not confer personal jurisdiction over out-of-state defendants. See *Ali v. Dist. of Columbia*, 349 U.S. App. D.C. 327, 278 F.3d 1, 7 (D.C. Cir. 2002); *Ibrahim v. Dist. of Columbia*, 357 F. Supp. 2d 187, 192-94 (D.D.C. 2004).

None of the GEO Defendants resides in the District of Columbia. Plaintiff's complaint alleges acts and omissions at the RCI in North Carolina. Plaintiff has not alleged that he suffered an injury in the District of Columbia. The only connection this case has with the District of Columbia is that the BOP is headquartered here. This fact by itself is insufficient to confer personal jurisdiction over the GEO Defendants. See *Cameron v. Thornburgh*, 299 U.S. App. D.C. 228, 983 F.2d 253, 256 (D.C. Cir. 1993). Accordingly, this Court lacks personal jurisdiction over the individual [*13] defendants.

*HN10* The Court may transfer an action even though it lacks personal jurisdiction over the defendants. *Naartex Consulting Corp. v. Watt*, 232 U.S. App. D.C. 293, 722 F.2d 779, 789 (D.C. Cir. 1983); *Hoffman v. Fairfax County Redevelopment & Hous. Auth.*, 276 F. Supp. 2d 14, 16 n. 1 (D.D.C. 2003). Transfer is appropriate under 28 U.S.C. § 1406(a) "when procedural obstacles [such as lack of personal jurisdiction and improper venue] impede an expeditious and orderly adjudication on the merits." *Sinclair v. Kleindienst*, 229 U.S. App. D.C. 13, 711 F.2d 291, 293-94 (D.C. Cir. 1983) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962)); *Crenshaw v. Antokol*, 287 F. Supp. 2d 37, 45 (D.D.C. 2003). The decision to transfer an action on this basis is left to the discretion of the court. *Novak-Canzeri v. Saud*, 864 F. Supp. 203, 207 (D.D.C. 1994). As a general matter, a transfer of the case is favored over a dismissal. *El v. Belden*, 360 F. Supp. 2d 90, 93 (D.D.C. 2004). n3

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 Unlike the Federal Defendants, the GEO Defendants have not moved to dismiss for lack of subject matter jurisdiction or for failure to state a claim.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - **[*14]**

The alleged events giving rise to Plaintiff's claim occurred at the RCI, which is located in the Eastern District of North Carolina. The GEO Defendants are also in the same district. Since Plaintiff is incarcerated at RCI, his BOP records are no doubt maintained there. In the interest of justice, therefore, the Court will transfer the action against the GEO Defendants to the United States District Court for the Eastern District of North Carolina.

**Conclusion**

Based on the foregoing, the Federal Defendants' motion to dismiss will be granted. The claim against the GEO Defendants will be transferred. An appropriate order accompanies this Memorandum Opinion.

/s/ GLADYS KESSLER

United States District Judge

DATE: August 22, 2006

Service: **Get by LEXSEE®**
Citation: **2006 U.S. Dist. LEXIS 59119**
View: Full
Date/Time: Friday, September 22, 2006 - 12:52 PM EDT



About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.