# EXHIBIT 1

*62 Fed. Appx. 355, *; 2003 U.S. App. LEXIS 8434, ***

David H. Lempert, a District of Columbia Citizen Residing Overseas, Appellant v. Republic of Kazakhstan, Ministry of Justice, Appellee

No. 02-7132

UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

62 Fed. Appx. 355; 2003 U.S. App. LEXIS 8434

May 1, 2003, Filed

**NOTICE: [**1]** RULES OF THE DISTRICT OF COLUMBIA CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Rehearing denied by Lempert v. Republic of Kazakhstan, 2003 U.S. App. LEXIS 13299 (D.C. Cir., June 30, 2003)
Rehearing, en banc, denied by Lempert v. Republic of Kaz., 2003 U.S. App. LEXIS 13303 (D.C. Cir., June 30, 2003)
US Supreme Court certiorari denied by Lempert v. Kaz., 2003 U.S. LEXIS 8611 (U.S., Dec. 1, 2003)

**PRIOR HISTORY:** APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA. 00cv01820. Lempert v. Republic of Kazakstan, 223 F. Supp. 2d 200, 2002 U.S. Dist. LEXIS 20055 (D.D.C., 2002)

**DISPOSITION:** Affirmed.

**CASE SUMMARY:**
**PROCEDURAL POSTURE:** Plaintiff District of Columbia citizen filed an action against defendant Republic of Kazakhstan, Ministry of Justice, based on the formation and alleged breach of a consulting agreement. The United States District Court for the District of Columbia dismissed the action. The citizen appealed.

**OVERVIEW:** The citizen's argument that the consulting agreement was an inseparable part of the commercial activity of seeking bank loans did not establish that the action fell within the first clause of 28 U.S.C.S. § 1605(a)(2). The instant court found that the citizen had not shown that Kazakhstan's attempts to obtain loans were inextricably intertwined with the consulting agreement. And the citizen's alleged performance of some of his obligations in the United States under the consulting agreement did not constitute commercial activity carried on in the United States by Kazakhstan. Nor did the district court err in concluding that the citizen failed to show that Kazakhstan's refusal to pay him constituted an act carried on in the United States by Kazakhstan. Kazakhstan's alleged attempts to induce the citizen to engage in illegal activity did not have a direct effect in the United States. Finally, because neither the consulting agreement nor customary practice required that payment be made in the United States, the district court correctly held that the citizen's financial loss resulting from Kazakhstan's alleged breach of the agreement did not constitute a direct effect under § 1605(a)(2).

**OUTCOME:** The district court's order was affirmed.

**CORE TERMS:** consulting agreement, commercial activity, notice of termination, refusal to pay, direct effect, termination, formation, ministry

**LexisNexis(R) Headnotes**

International Law > Immunity > Foreign Sovereign Immunities Act > Exceptions > Commercial Activities > General Overview
International Law > Immunity > Sovereign Immunity > General Overview
*HN1* In the context of 28 U.S.C.S. § 1605(a)(2), an action is not "based upon" commercial activity conducted in the United States unless the conduct meets the elements of a claim that, if proven, would entitle a plaintiff to relief under his theory of the case.

Contracts Law > Breach > Causes of Action > General Overview
*HN2* The elements of a breach of contract claim are formation of the contract and its breach.

**COUNSEL:** DAVID H. LEMPERT, Plaintiff - Appellant, Pro se, Washington, DC.

**JUDGES:** BEFORE: Henderson, Randolph, and Rogers, Circuit Judges.

**OPINION: [*355] JUDGMENT**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed September 30, 2002, be affirmed. Appellant failed to present to the district court his arguments that the dismissal of this action violates due process, equal protection, and Articles III and VI of the Constitution; that Kazakhstan waived its immunity; and that the Ministry of Justice's fax, e-mail and telephone communications with him constitute a commercial activity under the first clause of 28 U.S.C. § 1605(a)(2). Accordingly, this court will not consider **[**2]** them. See District of Columbia v. Air Florida, Inc., 243 U.S. App. D.C. 1, 750 F.2d 1077, 1084 (D.C. Cir.1984); see also World Wide Minerals, Ltd. v. Kazakhstan, 353 U.S. App. D.C. 147, 296 F.3d 1154, 1161 n.10 (D.C. Cir. 2002). Moreover, appellant's argument that the consulting agreement is an inseparable part of the commercial activity of seeking World Bank loans does not establish that this action falls within the first clause of § 1605(a)(2). Appellant has not shown that Kazakhstan's attempts to obtain loans are inextricably intertwined with the consulting agreement, which simply required appellant to prepare a report recommending reform initiatives based on the proposals of the Ministry of Justice and a local consultant. In addition, this action is based on the formation and alleged breach of the consulting agreement, not Kazakhstan's loan-seeking activity. See Saudi Arabia v. Nelson, 507 U.S. 349, 357, 123 L. Ed. 2d 47, 113 S. Ct. 1471 (1993) *HN1*(an action is not "based upon" commercial activity conducted in the United States unless the conduct meets the elements of a "claim that, if proven, would entitle a **[*356]** plaintiff to relief under his theory of the **[**3]** case"); In re Papandreou, 329 U.S. App. D.C. 210, 139 F.3d 247, 252 (D.C. Cir. 1998) *HN2*(elements of breach of contract claim are "formation of the contract and its breach"). And appellant's alleged performance of some of his obligations in the United States under the consulting agreement does not constitute commercial activity "carried on in the United States by" Kazakhstan. 28 U.S.C. § 1605(a)(2). Nor did the district court err in concluding appellant failed to show that Kazakhstan's refusal to pay him constitutes an act carried on in the United States by Kazakhstan. Appellant concedes that the repudiation of the consulting agreement

occurred outside the United States, and the mere transmittal to appellant of the notice of termination is not an element of the cause of action asserted here. Under the consulting agreement, providing notice of termination is a prerequisite to termination, and thus does not constitute the act of termination itself.

As to the third clause of § 1605(a)(2), the district court properly concluded that Kazakhstan's alleged attempts to induce appellant to engage in illegal activity did not have a direct effect in the United States because the **[**4]** attempts were not the "immediate consequence" of Kazakhstan's refusal to pay appellant. Republic of Argentina v. Weltover, Inc., 504 U.S. 607, 618, 119 L. Ed. 2d 394, 112 S. Ct. 2160 (1992). Finally, because neither the consulting agreement nor customary practice required that payment be made in the United States, the district court correctly held that appellant's financial loss resulting from Kazakhstan's alleged breach of the agreement did not constitute a direct effect under § 1605(a)(2). See Zedan v. Kingdom of Saudi Arabia, 270 U.S. App. D.C. 382, 849 F.2d 1511, 1515 & n.2 (D.C. Cir. 1988) .

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

Service: **Get by LEXSEE®**
Citation: **62 Fed. Appx. 355**
View: Full
Date/Time: Friday, September 22, 2006 - 2:08 PM EDT

* Signal Legend:
- Warning: Negative treatment is indicated
- Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.



About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.