# EXHIBIT 2

*67 Fed. Appx. 618, \*; 2003 U.S. App. LEXIS 11661, \*\**

Abolala Soudavar, Appellant v. Islamic Republic of Iran, et al., Appellees

No. 02-7129

UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

67 Fed. Appx. 618; 2003 U.S. App. LEXIS 11661

June 10, 2003, Filed

**NOTICE:** [\*\*1] RULES OF THE DISTRICT OF COLUMBIA CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Rehearing, en banc, denied by Soudavar v. Islamic Republic of Iran, 2003 U.S. App. LEXIS 16498 (D.C. Cir., Aug. 7, 2003)
US Supreme Court certiorari denied by Soudavar v. Islamic Republic of Iran, 157 L. Ed. 2d 896, 2004 U.S. LEXIS 109 (U.S., 2004)

**PRIOR HISTORY:** APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA. 00cv02506. Soudavar v. Islamic Republic of Iran, 2003 U.S. App. LEXIS 18325 (D.C. Cir., May 27, 2003)

**DISPOSITION:** Affirmed.

**CASE SUMMARY:**
**PROCEDURAL POSTURE:** Appellant individual challenged an order of the United States District Court for the District of Columbia, which dismissed his action against appellees, the Islamic Republic of Iran, an Iranian agency, the National Title Institution of Iran, and a judge.

**OVERVIEW:** The court held that the district court correctly determined that the individual failed to establish subject matter jurisdiction under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C.S. § 1602 et seq., or the Alien Tort Claims Act, 28 U.S.C.S. § 1350. The district court correctly rejected the individual's claim that the appellees' actions fell within the third clause of the FSIA's commercial activity exception, 28 U.S.C.S. § 1605(a)(2), cl. 3. The Title Institution and the judge did not engage in commercial activity, because registering deeds and affirming the judgment of a lower court were government acts, not the commercial activities of a government. As to Iran and the Iranian agency, a transfer of title to real property did not have a direct effect in the United States. The Treaty of Amity, Economic Relations, and Consular Rights Between the United States of America and Iran, Aug. 15, 1955, 8 U.S.T. 899, did not satisfy the treaty exception to the FSIA because the treaty did not expressly conflict with the FSIA. The individual had to satisfy subject matter jurisdiction under the FSIA before the court could reach claims under the Alien Tort Claims Act.

**OUTCOME:** The court affirmed the judgment.

**CORE TERMS:** direct effect, commercial activity, foreign state, treaty, Alien Tort Claims Act, subject matter jurisdiction, correctly, resident

**LexisNexis(R) Headnotes**

Civil Procedure > Federal & State Interrelationships > Sovereign Immunity > State Immunity
International Law > Immunity > Foreign Sovereign Immunities Act > Exceptions > Commercial Activities > Direct Effects
International Law > Immunity > Sovereign Immunity > General Overview
HN1⬆ The third clause of the Foreign Sovereign Immunities Act, 28 U.S.C.S. § 1602 et seq., states that a foreign state is not immune in an action based upon an act outside the United States in connection with a "commercial activity" of the foreign state elsewhere that causes a "direct effect" in the United States. 28 U.S.C.S. § 1605 (a)(2), cl. 3.

International Law > Immunity > Foreign Sovereign Immunities Act > General Overview
HN2⬆ Registering deeds and affirming the judgment of a lower court are government acts, not the "commercial activities" of a government acting as a private player within the market.

International Law > Immunity > Foreign Sovereign Immunities Act > General Overview
Labor & Employment Law > Employment Relationships > Employment Contracts > Breach
HN3⬆ A mere financial loss by a resident of the United States does not constitute a "direct effect" in the United States.

Civil Procedure > Jurisdiction > General Overview
Civil Procedure > Federal & State Interrelationships > Sovereign Immunity > State Immunity
International Law > Immunity > Foreign Sovereign Immunities Act > Jurisdiction > Subject Matter Jurisdiction
HN4⬆ In a suit involving a foreign state, a plaintiff must satisfy subject matter jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C.S. § 1602 et seq., before the court can reach claims under the Alien Tort Claims Act, 28 U.S.C.S. § 1350.


**COUNSEL:** ABOLALA SOUDAVAR, Plaintiff - Appellant, Pro se, Houston, TX.

For ISLAMIC REPUBLIC OF IRAN, BONYAD-E MOSTAZAFAN VA JANBAZAN, SABT-E AHVAL-E KOLL-E KESHVAR, HOJJATOL-ISLAM NAYERRI, Defendants - Appellees: Bruno Alexander Ristau, Law Office of Bruno A. Ristau, Washington, DC.

**JUDGES:** BEFORE: Edwards, Sentelle, and Garland, Circuit Judges.

**OPINION:** [*619] **JUDGMENT**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's judgment filed September 25, 2002, be affirmed. Appellant brought suit against appellees, the Islamic Republic of Iran ("Iran"); Bonyad-e Mostazafan va Janbazan, an Iranian agency ("Bonyad-e"); Sabt-e Ahval-e koll-e Keshvar, the National Title Institution of Iran ("Sabt-e"); and [**2] Hojjatol-Islam Nayerri, the chief judge of the Revolutionary Islamic Courts of Iran ("Nayerri"). The district court correctly determined that appellant failed to establish subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602, et seq., or the Alien Tort Claims Act, 28 U.S.C. § 1350.

First, the district court correctly rejected appellant's claim that the actions of the appellees fell within the third clause of the FSIA's commercial activity exception, which states HN1 that a foreign state is not immune in an action based upon an act outside the United States in connection with a "commercial activity" of the foreign state elsewhere that causes a "direct effect" in the United States. 28 U.S.C. § 1605(a)(2), cl. 3. Sabt-e and Nayerri did not engage in "commercial activity," because HN2 registering deeds and affirming the judgment of a lower court, respectively, are government acts, not the "commercial activities" of a government acting as a private player within the market. See Republic of Argentina v. Weltover, 504 U.S. 607, 614, 119 L. Ed. 2d 394, 112 S. Ct. 2160 (1992). [**3] As to Iran and Bonyad-e, even assuming these appellees engaged in "commercial activity" when Iran transferred title to real property from Soudavar to Bonyad-e, the transfer did not have a "direct effect" in the United States. See id. Although appellant was a legal resident of the United States at the time of this transaction, HN3 a mere financial loss by a resident of the United States does not constitute a "direct effect" in the United States. **Compare Zedan v. Kingdom of Saudi Arabia, 270 U.S. App. D.C. 382, 849 F.2d 1511, 1514 (D.C. Cir. 1988)** (plaintiff's presence in the United States after Saudi Arabia allegedly breached his employment contract was not a "direct effect" in the United States because the plaintiff's presence in the United States was merely fortuitous, and the contract did not require that the money be forwarded to a specific address in the United States), with Foremost-McKesson, Inc. v. Islamic Republic of Iran, 284 U.S. App. D.C. 333, 905 F.2d 438, 451 (D.C. Cir. 1990), cert. denied, Islamic Republic of Iran v. McKesson Corp., 516 U.S. 1045, 133 L. Ed. 2d 660, 116 S. Ct. 704 (1996) (finding a "direct effect" where [**4] there was a constant flow of capital, management personnel, engineering data, machinery, equipment, materials and packaging between the United States and Iran).

In addition, the district court properly held that the Treaty of Amity, Economic Relations, and Consular Rights Between the United States of America and Iran, Aug. 15, 1955, 8 U.S.T. 899, does not satisfy the treaty exception to the FSIA because the treaty does not "expressly conflict" with the FSIA, 28 U.S.C. § 1604. See Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 442, 102 L. Ed. 2d 818, 109 S. Ct. 683 (1989); Foremost-McKesson, 905 F.2d at 452. Finally, the district court properly held that HN4 in a suit involving a foreign state, a plaintiff [*620] must satisfy subject matter jurisdiction under the FSIA before the court can reach claims under the Alien Tort Claims Act, 28 U.S.C. § 1350. See, e.g., Saltany v. Reagan, 281 U.S. App. D.C. 20, 886 F.2d 438, 440-41 (D.C. Cir. 1989), cert. denied, 495 U.S. 932, 109 L. Ed. 2d 501, 110 S. Ct. 2172 (1990).

Pursuant to D.C. Circuit Rule 36, this [**5] disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

Service: **Get by LEXSEE®**
Citation: **2003 U.S. App. LEXIS 11661**
View: Full
Date/Time: Friday, September 22, 2006 - 2:21 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
🛇 - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
ⓐ - Citing Refs. With Analysis Available

🛈 - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

 About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.