IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDAS RESOURCES N.V., CURACO; PABECO, B.V.; and ADASTRA MINERALS, INC., f/k/a AMERICAN MINERAL FIELDS, INC.<br>Plaintiffs,<br><br>v.<br><br>EMPRESSA NACIONAL DE DIAMANTES DE ANGOLA E.P. and NOFAR MINING B.V.<br>Defendants. | Case No. 1:06-cv-00570-ESH |

### PLAINTIFFS' SUPPLEMENT TO RESPONSE

COME NOW, Plaintiffs IDAS Resources N.V., Curaco; Pabeco B.V.; and Adastra Minerals, Inc., f/k/a America Mineral Fields, Inc. ("Plaintiffs") and file this Supplement to Response and would show the Court as follows:

**I.**

This supplement arises from the motions to dismiss filed by defendants Empressa Nacional de Diamantes de Angola E.P. and Nofar Mining B.V.'s ("Defendants"). Defendants filed their Motions to Dismiss on August 1, 2006. On September 5, 2006, Plaintiffs filed their responses to these motions. In their responses, Plaintiffs demonstrated that the factual and legal arguments made by Defendants were wide of the mark. In their replies filed September 25, 2006, Defendants *stumbled over the truth and then picked themselves up and hurried off as if nothing ever happened.*[3]

---

[3]   On Stanley Baldwin, Conservative party leader and prime minister during the 1920s and '30s, Winston Churchill once said: "Occasionally, he stumbled over the truth but hastily picked himself up as if nothing had happened." James C. Humes, *The Wit and Wisdom of Winston Churchill* (2005).

---

Defendants make no effort to correct or explain the litany of factual and legal errors made in their motion. Indeed, their replies are infected by the same maladies as their motions. For example, ENDIAMA does not dispute that payments were made to Twins Ltd.[4] ("Twins") in the United States. ENDIAMA argues that this is not dispositive, however, because IDAS made the payments, not ENDIAMA. ENDIAMA ignores the fact that these payments were made by IDAS on its own behalf and on behalf of ENDIAMA because the parties agreed that IDAS would make payments for itself and ENDIAMA.

ENDIAMA also appears to argue that it was not foreseeable that payments would be made to Twins in the United States. But as noted in Plaintiffs' response, "foreseeability" is not an element of a "direct effects" analysis. According the District of Columbia Circuit Court of Appeals:

> Before *Weltover*, several courts, including this one, subscribed to the view that under § 1605(a)(2), direct effects must also be "substantial" and "foreseeable." The quoted terms appeared, not in the statute, but in a House Report on the bill that became the FSIA. Agreeing with a line of Second Circuit decisions, including *Texas Trading & Milling Corp. v. Federal Republic of Nigeria,* 647 F.2d 300, 311 (2d Cir. 1981), *cert. denied,* 454 U.S. 1148, 102 S.Ct. 1012, 71 L.Ed.2d 301 (1982), the Supreme Court in *Weltover* rejected "the suggestion that § 1605(a)(2) contains any unexpressed requirement of 'substantiality' or 'foreseeability.'" 504 U.S. at 618, 112 S.Ct. at 2168. **Even insubstantial effects qualify under § 1605(a)(2) so long as they are not "purely trivial."** *Id.* **Whether effects were foreseeable is beside the point.** It is enough, the Court held, that the consequences of the defendant's activities followed immediately from those activities. *Id.* The effects then are "direct."

*McKesson Corp. v. Islamic Republic of Iran,* 52 F.3d 346, 350 (D.C. Cir. 1995) (emphasis added).

Most importantly, ENDIAMA completely ignores the fact that the "direct effects" that subject it to jurisdiction in the United States is the loss of income to Twins that has resulted from ENDIAMA's wrongful conduct. Simply stated, when ENDIAMA unilaterally terminated the 2002-

---

[4] Twins Ltd. was ENDIAMA and IDAS' joint venture partner.

2003 agreements, it had a direct effect in the Unites States because "money that was supposed to have been delivered to a [United States] bank for deposit was not forthcoming." *Republic of Argentina v. Weltover*, 504 U.S. 607, 619 (1992).

In addition, Defendants have opted to fire a barrage of bullet points, each erroneously construing the facts that they are willing to discuss or the law to be applied. For a factual example, Defendants erroneously maintain that Plaintiff IDAS was not contractually obligated to pay, on behalf of ENDIAMA, for the joint venture's expenses, *e.g.*, the expenses incurred by joint venturer Twins, which were always required to be paid in the United States. For a legal example, Defendants erroneously maintain that concessions and licenses to real property do not constitute "rights in property" pursuant to the 28 U.S.C. § 1605(a)(3). And to seal their construction of the facts and law, Defendants request that no jurisdictional discovery be allowed and that this case be immediately dismissed.

Even without the aid of discovery, however, Plaintiffs believe that they have sufficiently demonstrated in their Complaint and in their responses to Defendants' Motions to Dismiss that this Honorable Court has jurisdiction over this action and over these parties. But if there is any question in this Honorable Court's mind as to the jurisdictional issues before it, whether in regards to the law or facts, Plaintiffs move the Court schedule oral arguments and order limited jurisdictional discovery. Plaintiffs are ready, willing, and able to bring all witnesses, facts, and arguments forward so that this action can proceed in the appropriate forum. This Court is that forum.

II.

Pursuant to the foregoing, Plaintiffs respectfully urge this Honorable Court deny Defendants' Motions to Dismiss or, in the alternative, order a hearing for the presentment of oral arguments and

limited jurisdictional discovery.

                              **Respectfully submitted,**

                              */s/ Steven D. Cundra*

Steven D. Cundra  
Hall Estill Hardwick Golden Gable & Nelson, PC  
1120 20th Street, NW  
Suite 700, North Building  
Washington, DC 20036

Stephen F. Malouf  
The Law Offices of Stephen F. Malouf, PC  
3811 Turtle Creek Blvd., Suite 1600  
Dallas, Texas 75219

**Attorneys for Plaintiffs**