IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDAS RESOURCES N.V., CURAÇAO ) | |
| ) | |
| PABECO B.V. ) | |
| ) | |
| ADASTRA MINERALS, INC. ) | |
| f/k/a AMERICA MINERAL FIELDS, INC. ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:06-cv-00570-ESH |
| ) | |
| EMPRESA NACIONAL DE DIAMANTES ) | |
| DE ANGOLA E.P. ) | |
| ) | |
| NOFAR MINING B.V. ) | |
| ) | |
|     Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR LEAVE TO SUPPLEMENT RESPONSE, ORAL
ARGUMENT, AND LIMITED JURISDITIONAL DISCOVERY**

Plaintiffs do not seek to respond to NOFAR's reply. Their proposed "Supplement to Response" to ENDIAMA's reply is peppered with sarcasm and invective, but offers no substantive response. What is important, however, and fatal to Plaintiffs' position on jurisdiction is their statement in the "Supplement to Response" that the "direct effects" basis for jurisdiction is based on the loss of income to Twins, a claimed U.S. based firm.[1] Accordingly, ENDIAMA does not object to Plaintiffs' submission and filing.

Twins is not a plaintiff claiming non-payment from ENDIAMA. The statute, 28 U.S.C. § 1605(a)(2), and the cases addressing the "direct effects" prong are clear. Section 1605(a)(2) is

---

[1] Plaintiffs assert in their Motion for Leave to Supplement Response, Oral Argument, and Limited Jurisdictional Discovery that "[m]ost importantly, ENDIAMA completely ignores the fact that a direct effect that subjects it to jurisdiction in the United States is the loss of income to Twins that has resulted from ENDIMA'S wrongful conduct." Plaintiffs' Motion at p. 2.

a species of specific jurisdiction, giving the plaintiff a basis for jurisdiction against a defendant whose act abroad has damaged such plaintiff in the United States.

In this case, Twins is not a Plaintiff. Bluntly put, Plaintiffs are claiming that an act abroad affecting some third party (Twins) gives the Court jurisdiction under the FSIA over Plaintiffs' claim. Such a position is without any legal basis and absurd. This dispositive legal point eliminates both the need for oral argument and any jurisdictional discovery. Additionally, as the Court will note, Plaintiffs have provided no legal support whatsoever for the proposition that the intangible property at issue (a claimed contract right) provides jurisdiction under 28 U.S.C. § 1605(a)(3). The allegation of a breach of contract is not a basis for jurisdiction under the expropriation prong of 28 U.S.C. § 1605(a)(3).

Plaintiffs have not even <u>alleged</u> a factual basis for jurisdiction over ENDIAMA or NOFAR, as Defendants have fully detailed in their replies. Under the decided cases, jurisdictional discovery should not be ordered.

Accordingly, Defendants do not object to the filing of Plaintiffs' proposed "Supplement to Response." Defendants ENDIAMA and NOFAR do object to any jurisdictional discovery, for the reasons previously given and Plaintiffs' concession in their proposed "Supplement to Response." Defendants also contend that, based upon the papers filed, there is also no need for oral argument. To the extent that the Court would like a hearing on the issue, Defendants, of course, do not object.

Respectfully submitted,

/s/ Thomas J. Whalen

Thomas J. Whalen (D.C. Bar No. 208512)
Laura G. Stover (D.C. Bar No. 475144)
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, NW
Suite 1200
Washington, D.C.  20006
Phone:  (202) 659-6600
Fax:  (202) 659-6699

Counsel for Defendants

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the foregoing **Defendants' Response to Plaintiffs' Motion for Leave to Supplement Response, Oral Argument and Limited Jurisdictional Discovery** was filed and served electronically, this 12th day of October, 2006, to:

Steven D. Cundra
Hall Estill Hardwick Golden Gable & Nelson, PC
1120 20th Street, NW
Suite 700, North Building
Washington, DC 20036

Stephen F. Malouf
The Law Offices of Stephen F. Malouf, P.C.
3506 Cedar Springs
Dallas, TX 75219


                                          */s/ Laura G. Stover*
                                          Laura G. Stover