IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDAS RESOURCES N.V., CURACO; PABECO, B.V.; and ADASTRA MINERALS, INC., f/k/a AMERICAN MINERAL FIELDS, INC.<br>Plaintiffs,<br><br>v.<br><br>EMPRESSA NACIONAL DE DIAMANTES DE ANGOLA E.P. and NOFAR MINING B.V.<br>Defendants. | §§§§§§§§§§§§§ Case No. 1:06-cv-00570-ESH |

**REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT RESPONSE, ORAL ARGUMENT, AND LIMITED JURISDICTIONAL DISCOVERY**

COME NOW, Plaintiffs IDAS Resources N.V., Curaco; Pabeco B.V.; and Adastra Minerals, Inc., f/k/a America Mineral Fields, Inc. ("Plaintiffs") and file this Reply to Defendants' Response to Plaintiffs' Motion for Leave to Supplement Response, Oral Argument, and Limited Jurisdictional Discovery and would show the Court as follows:

**I.**

Defendants Empressa Nacional de Diamantes de Angola E.P. ("ENDIAMA") and Nofar Mining B.V. ("Nofar") (together referred to as "Defendants") filed their motions to dismiss on August 1, 2006. Plaintiffs filed their responses on September 5, 2006. On October 6, 2006, Plaintiffs moved this Honorable Court grant them leave to supplement their responses. Plaintiffs also moved the Court schedule oral argument on the motions to dismiss and allow Plaintiffs to conduct limited jurisdictional discovery. Defendants do not oppose the Court granting Plaintiffs leave to supplement

---

their responses. Defendants do, however, oppose the scheduling of oral argument and the limited jurisdictional discovery sought by Plaintiffs.

The jurisdictional analysis in this case, as it relates to ENDIAMA, is simple: did the acts upon which Plaintiffs' complaint is made cause a direct effect in the United States?[1] The effect need not be substantial or foreseeable so long as it is more than "purely trivial" and follows "as an immediate consequence of the defendant's . . . activity." *Republic of of Argentina v. Weltover*, 504 U.S. 607, 618 (1992). Amongst the facts are the following:

1. the agreements made the basis of this action were amongst IDAS, Twins Limited ("Twins"), and ENDIMAMA;

2. Twins is incorporated in the Cook Islands and has its principal place of business in Washington, D.C., where one of its two principals permanently resides and where the other principal has a part-time residence;

3. Twins was reimbursed for its expenses by IDAS because IDAS was contractual obligated to carry the interests of Twins and ENDIAMA, which was an obligation imposed by ENDIAMA;

4. all payments made to Twins were made to its account, or the account of its designated representative, in Washington, D.C.;

5. ENDIAMA's breaches of the agreements resulted in no further payments to Twins, including distributions from profits that would have been made pursuant to the underlying agreements.[2]

ENDIAMA insists that it did not know that Twins would be paid in Washington, D.C., and that, in any event, the underlying agreements did not require payment in Washington, D.C. But this misses

---

[1] The jurisdictional analysis in this case, as it relates to Nofar, is even simpler and is clearly set out in prior pleadings. *See, e.g., Plaintiffs' Response to Nofar's Motion to Dismiss.*

[2] *See* Exhibit 8, *Plaintiffs' Response to ENDIAMA's Motion to Dismiss, Pryor Declaration* at ¶ 4-10 (discussing the facts raised *supra*).

REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR LEAVE TO SUPPLEMENT RESPONSE, ORAL ARGUMENT,
AND LIMITED JURISDICTIONAL DISCOVERY                                              2

the point. The Supreme Court has expressly held that foreseeability is not a prerequisite to this Court's exercise of jurisdiction. *Weltover*, 504 U.S. at 618. The only prerequisite here is that the conduct of ENDIAMA caused a direct effect in the United States, and ENDIAMA does not deny that it did. *Id.*

Defendants continue to emphasize that Twins is not a plaintiff in this action. This is true. But the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.* ("FSIA"), does not require that the entity or person effected be a party to the litigation. Again, the only question is whether the conduct caused a direct effect in the United States. Indeed, the FSIA does not even require that the person effected be a party to the underlying agreement. *Id.*

Yet, it may interest the Court to know a couple of the reasons that Twins is not a plaintiff. First, the principals in Twins are Robert Cabelly and Antonio dos Santos Franca, also known as General Ndalu. Mr. Cabelly's firm, C/R International, LLC (based in Washington, D.C.), acts as a public relations firm for the government of Angola, and suing it would certainly not help Mr. Cabelly in his business. *See* Exhibit 8, *Plaintiffs' Response to ENDIAMA's Motion to Dismiss, Pryor Declaration* at ¶ 6. The other principal in Twins, General Ndalu, is the former Angolan Ambassador to the United States and, as with Mr. Cabelly, would not likely agree to sue his own government. *Id.* Finally, upon information and belief, Twins was involved with ENDIAMA in the breach of the IDAS agreements and is a joint venture partner with ENDIAMA and Nofar. Accordingly, if Twins is a proper party, it would be as a co-defendant, not a plaintiff. S*ee* Exhibits 1 and 2, *Plaintiffs' Response to NOFAR's Motion to Dismiss* (listing Twins as a joint venture partner of Defendants).

Twins' purported partnership with Defendants is of critical importance because, as noted above, while organized under Cook Island law, Twins is based in Washington, D.C., thereby further

connecting Defendants with the United States for purposes of jurisdiction. *See* Exhibit 8, *Plaintiffs' Response to ENDIAMA's Motion to Dismiss*, *Pryor Declaration* at ¶ 6-10. This U.S. connection is likely why Defendants have repeatedly refused to disclose, despite multiple requests by Plaintiffs, whether Twins is in fact a partner in their joint venture. Nevertheless, the truth will come out in the discovery process, and if Twins is in fact a partner to Defendants' joint venture, Plaintiffs will move to have Twins joined as a defendant.

In addition to the foregoing, Defendants have mischaracterized Plaintiffs' "rights in property" as "intangible," "claimed contract right[s]." 28 U.S.C. § 1605(a)(3); *Defendants' Response to Plaintiffs' Motion for Leave*, at 2. Defendants have failed, however, to disclose to this Honorable Court that in April 2001 the Government Council of Ministers expressly granted Plaintiffs two licenses, one an exploitation license of 246 sq. km. and the other an exploration license of 2,690 sq. km.,[3] and such licenses are, of course, more than "intangible," "claimed contract right[s]." Despite Defendants' machinations, this case is not centered on a contractual right to payment or a mere breach of contract; rather, this case involves actual licenses granted by the government of Angola to dig through the earth and extract minerals therefrom, which are "rights in property" pursuant to 28 U.S.C. § 1605(a)(3). *Defendants' Response to Plaintiffs' Motion for Leave*, at 2; *see Peterson v. Royal Kingdom of Saudi Arabia*, 332 F. Supp. 2d 189, 196-97 (D.D.C. 2004)(discussing the FSIA's expropriation exception and its applicability to rights in property, such as the licenses at issue here, and inapplicability to mere rights to payment); s*ee also Canadian Overseas Ores Ltd. v. Compania de Acero Del Pacifico S.A.*, 528 F. Supp. 1337, 1346-47 (S.D.N.Y. 1982), *order aff'd*, 727 F.2d 274

---

[3] The granting of these two licenses was memorialized in the official government publication, the *Diario*.

(2d Cir. 1984) (explaining that contractual rights to payment, absent the expropriation of a real property right, do not constitute "property" within the meaning of 28 U.S.C. § 1605(a)(3)).

Lastly, even without the aid of oral argument or jurisdictional discovery, and despite Defendants' spurious factual and legal contentions, Plaintiffs believe that they have sufficiently demonstrated in their Complaint and in their responses to Defendants' Motions to Dismiss that this Honorable Court has jurisdiction over this action and over these parties. But if there is any question in this Honorable Court's mind as to the jurisdictional issues before it, whether in regards to the law or facts, Plaintiffs move the Court schedule oral arguments and order limited jurisdictional discovery. Plaintiffs are ready, willing, and able to bring all witnesses, facts, and arguments forward so that this action can proceed in the appropriate forum. This Court is that forum.

## II.

Pursuant to the foregoing, Plaintiffs respectfully urge this Honorable Court grant Plaintiffs leave to supplement and deny Defendants' Motions to Dismiss or, in the alternative, order a hearing for the presentment of oral arguments and limited jurisdictional discovery.

                                                 **Respectfully submitted,**

_/s/ Steven D. Cundra_
Steven D. Cundra
Hall Estill Hardwick Golden Gable & Nelson, PC
1120 20th Street, NW
Suite 700, North Building
Washington, DC 20036

Stephen F. Malouf
The Law Offices of Stephen F. Malouf, PC
3811 Turtle Creek Blvd., Suite 1600
Dallas, Texas 75219

**Attorneys for Plaintiffs**

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon the attorneys of record in the above cause in accordance with the Federal Rules of Civil Procedure on this 18th day of October, 2006.

~~Sarah Watson~~ Nicholas M. Beizer
~~Legal Assistant~~
Hall Estill Hardwick Golden Gable & Nelson, PC
1120 20th Street, NW
Suite 700, North Building
Washington, DC 20036

REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR LEAVE TO SUPPLEMENT RESPONSE, ORAL ARGUMENT,
AND LIMITED JURISDICTIONAL DISCOVERY                    7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDAS RESOURCES N.V., CURACO; PABECO, B.V.; and ADASTRA MINERALS, INC., f/k/a AMERICAN MINERAL FIELDS, INC.<br>Plaintiffs,<br><br>v.<br><br>EMPRESSA NACIONAL DE DIAMANTES DE ANGOLA E.P. and NOFAR MINING B.V.<br>Defendants. | §§§§§§§§§§§§§  Case No. 1:06-cv-00570-ESH |

**PROPOSED ORDER**

UPON CONSIDERATION of Defendants Empressa Nacional de Diamantes de Angola E.P. and Nofar Mining B.V.'s Motions to Dismiss for lack of jurisdiction and Plaintiffs IDAS Resources N.V., Curaco; Pabeco B.V.; and Adastra Minerals, Inc.'s Second Motion for Leave to Supplement Responses, this Court hereby GRANTS Plaintiffs leave to supplement and DENIES Defendants' Motions to Dismiss.

_____
Honorable Judge Presiding

## AFFIDAVIT OF THE TRANSLATOR

I, Rita Pavone, currently residing in Austin, Texas, USA, being of more than eighteen years of age and having been put under oath, sign this document to declare that:

I am knowledgeable in both English and Portuguese, I am bilingual, and have served as an interpreter and as a translator in court cases and related in Europe and USA.

The following translations have been issued at the request of the interested party (Stephen F. Malouf) and for the pertinent legal purposes on October 10, 2006. I confirm that they are true, complete, and correct translations, to the best of my knowledge, of the original documents written in Portuguese:

    Luremo-Catoba Contract.

**Rita Pavone**
Austin Area of Translators and Interpreters Association (AATIA)
Houston Interpreters and Translators Association (HITA)
National Association of Judiciary Interpreters and Translators (NAJIT)

State of Texas
Travis County

Sworn and subscribed before me, the undersigned authority, on this day 10 of October, 2006 by Rita Pavone.

Notary Public in and for
The State of Texas



DIANA MARCELA OVIEDO
MY COMMISSION EXPIRES
September 15, 2009