# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 06-7202**                                    **September Term, 2007**

IDAS RESOURCES N.V., CURACAO, ET AL.,
            APPELLANTS

v.

EMPRESA NACIONAL DE DIAMANTES DE ANGOLA E.P. AND
NOFAR MINING B.V.,
            APPELLEES

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED OCT 29 2007

CLERK

Appeal from the United States District Court
for the District of Columbia
(No. 06cv00570)

MANDATE

Pursuant to the provisions of Fed. R. App.Pro.41(a)

ISSUED: 11, 30, 07
BY:
ATTACHED: ___ Amending Order
          ___ Opinion
          ___ Order on Costs

Before: SENTELLE, ROGERS and GRIFFITH, *Circuit Judges*

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). It is

**ORDERED AND ADJUDGED** that the district court's dismissal order, filed October 26, 2006, be affirmed.

Although the merits of this case concern a contract dispute between parties that formed a joint venture to mine diamonds in Angola, only jurisdictional issues are before us. Plaintiffs allege the following facts. IDAS Resources N.V. ("IDAS"), a company organized in the Dutch Antilles and having its principal place of business in the United Kingdom, received licenses from the Angolan government in 1995 to mine for diamonds in Angola. Subsequently, IDAS formed a joint venture to develop the area with Empresa Nacional de Diamantes de Angola ("ENDIAMA"), a company owned and controlled by the Angolan government. To assist in the project, IDAS hired Twins Limited ("Twins") as a consultant. Twins is a company created in the Cook Islands and having its principal place of business in Washington, D.C. It is not a party to this case. A 1999 Angolan law limiting the concession area of any one company required IDAS to re-apply for licenses. In 2002, after the government issued new licenses, ENDIAMA, IDAS,

A True copy:
United States Court of Appeals
for the District of Columbia Circuit
By: _____ Deputy Clerk

and Twins formed a joint venture to develop the concession. When ENDIAMA sought to revise the terms of the agreement in 2004, IDAS declined. ENDIAMA then refused to honor the contract and in May 2004 ENDIAMA and NOFAR Mining B.V. ("NOFAR"), a company organized in the Netherlands, executed a new contract to develop the concession. The plaintiffs' suit followed against ENDIAMA and NOFAR. The district court granted ENDIAMA's motion to dismiss for lack of subject matter jurisdiction and consequently granted NOFAR's motion to dismiss for lack of supplemental jurisdiction.

On appeal the plaintiffs challenge both the dismissal and the denial of their motion for permission to conduct limited jurisdictional discovery. The district court's denial of subject matter jurisdiction over plaintiffs' claims is a matter of law that we review *de novo*. *Princz v. Federal Republic of Germany*, 26 F.3d 1166, 1169 (D.C. Cir. 1994). We review plaintiffs' request for limited jurisdictional discovery for an abuse of discretion. *Goodman Holdings v. Rafidain Bank*, 26 F.3d 1143, 1147 (D.C. Cir. 1994).

Because defendant ENDIAMA is owned and controlled by the Angolan government, the district court has jurisdiction only if plaintiffs can satisfy one of the limited exceptions to jurisdictional immunity under the Foreign Sovereign Immunities Act. 28 U.S.C. §§ 1602 *et seq.* ("FSIA"). The parties agree that the only relevant exception is § 1605(a)(2): a foreign state is not immune from the jurisdiction of the courts of the United States if "the action is based . . . upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." IDAS argues that ENDIAMA's alleged breach of contract caused a "direct effect in the United States" because it resulted in a loss of future payments to the U.S. bank accounts of non-party Twins. IDAS does not allege an express agreement to pay Twins in the United States. Rather, IDAS claims an implied agreement to do so because a few times in the past Twins had asked the joint venture to pay expense reimbursements to Twins' U.S. bank accounts.

These allegations do not establish a "direct effect in the United States" within the meaning of § 1605(a)(2). In *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607 (1992), the Supreme Court held that the defendant's breach of contract had a "direct effect in the United States" under § 1605(a)(2) because the plaintiffs had designated their accounts in New York as the place of payment. "Because New York was thus the place of performance for Argentina's ultimate contractual obligations, the rescheduling of those obligations necessarily had a 'direct effect' in the United States: Money that was supposed to have been delivered to a New York bank for deposit was not forthcoming." 504 U.S. at 619. *See also Goodman Holdings*, 26 F.3d at 1146-1147. Even if an implied agreement, *Peterson v. Royal Kingdom of Saudi Arabia*, 416 F.3d 83, 91 (D.C. Cir. 2005), or "longstanding consistent customary practice," *Goodman Holdings*, 26 F.3d at 1147 (Wald, J., concurring), might be sufficient to satisfy the requirements of § 1605(a)(2), a few letters requesting one-time reimbursements to a U.S. bank account cannot plausibly establish an agreement or a customary practice that all future payments of profits would go to a U.S. bank account. Plaintiffs fail to satisfy the exception in § 1605(a)(2) and therefore the district court lacks jurisdiction over plaintiffs' claims against ENDIAMA. As a result, the district court also lacks supplemental jurisdiction under 28 U.S.C. § 1367(a) over plaintiffs' claims against NOFAR. As further discovery into these alleged facts would not change this conclusion, plaintiffs' request for jurisdictional discovery is also denied. *Goodman Holdings*, 26 F.3d at 1147.

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

*Per Curiam*

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: *[signature]*

Deputy Clerk